SCHOTT, Judge.
The City of New Orleans has appealed from a judgment awarding plaintiff benefits for permanent total disability pursuant to LSA-R.S. 23:1221(2).
Plaintiff suffered a knee injury on October 28, 1975, while performing his duties as a policeman. After attempts to resume work proved unsuccessful because of pain he retired from the Police Department on February 5,1977. On July 11,1977, he took a job as assistant administrator to the Orleans Parish coroner where he has continued to work and was earning $1097 per month at the time of the trial in May, 1979.
The trial judge concluded that plaintiff was working in substantial pain and was therefore totally and permanently disabled under the workmen’s compensation statute. The city takes issue with this factual finding and also contends that an employee who is able to work in substantial pain is not totally disabled under the 1975 amendment to the Cornpensation Act embodied in R.S. 23:1221(2).
The trial court’s factual determination is supported by plaintiff’s testimony to the effect that his knee constantly bothers him and is painful; he feels like the leg is “ready to collapse” and he gets “terrific pains on this side of my leg [indicating].” He also spoke of having considerable pain in the evening when he removes a brace which he wears at all times on his job.
However, Dr. Walter Brent, an orthopedic surgeon, testified that while plaintiff does have pain, he can do office or supervisory type work where he can sit down but he cannot do anything that requires lifting, squatting, or climbing. The doctor was of the opinion that plaintiff’s pain would not prevent him from doing “sedentary work.”
Plaintiff’s present position involves desk work for approximately half of his time and walking about the coroner’s office in connection with the supervision of employees, climbing stairs between two floors of the building where the office is located, and walking outside of the office on trips to city hall and other governmental agencies.
In the final analysis, the trial judge accepted plaintiff’s testimony that he is in pain at all times while he performs his duties and was convinced that this pain was “substantial.” There is no basis for us to substitute our judgment for the trial judge’s in this conclusion which was an evaluation of plaintiff’s subjective complaints of pain.
The City argues that Dr. Brent’s statement that plaintiff can perform “sedentary” work without substantial pain makes him ineligible for benefits for total disability but this position is not supported by the decision of the Supreme Court in Whitaker v. Church’s Fried Chicken, Inc., 387 So.2d 1093 (La.1980). where the court held that a job-injured worker, able to work, but in substantial pain, is totally disabled under R.S. 23:1221(2). The case does not seem to require such a worker to prove his inability to find and hold a more sedentary job than the one he is performing in order to be eligible for benefits for total disability. Stated in another way, even if plaintiff is not prevented by pain *822 from performing some sort of sedentary work as envisioned by Dr. Brent, he is entitled to compensation benefits for total disability because his work is not that sedentary and he performs it in substantial pain.
Finally, the City contends that plaintiff can relieve his pain by the simple expedient of taking drugs which he refuses to do. By plaintiff’s own testimony he declines to take strong drugs because he fears undesirable results and Dr. Brent classified him as a stoic type who endures pain rather than take medication. Without concluding that plaintiff is justified in refusing to avail himself of simple remedies for his pain, we are not persuaded that the remedies suggested by the City would relieve him of substantial pain while he performs his duties or that his decision to forego medication removes him from eligibility for benefits under the Whitaker case.
The judgment is affirmed.
AFFIRMED.