SCHOTT, Judge.
This is a workers’ compensation case in which plaintiff was awarded benefits for *3 total and permanent disability pursuant to LSA-R.S. 23:1221(2). Defendants, the employer and its insurer, have appealed claiming that plaintiff is entitled only to benefits for partial disability under R.S. 23:1221(3). Plaintiff has answered the appeal seeking an amendment to require payment of past and future medical expenses.
Plaintiff, a truck driver, was injured in June, 1976, when the tail gate of his truck fell on his ankle. He suffered a fractured tibia and fibula along with extensive soft tissue injuries to ligaments and membranes. He was placed in a long leg cast until August, when this was changed for a short leg cast, and was discharged from treatment in November, 1976, by his orthopedic surgeon, Dr. Hamilton. His job as a truck driver for defendant was no longer available to him so he took a truck driver’s job with one James Crawford, for whom he continued to work until trial time in August, 1979, earning about $1,000 per month.
According to plaintiff, he works in pain and has limitations with the use of his leg which interfere with the safe and adequate performance of his job as a truck driver. Because of his friendship with Crawford he is not expected to work full time, he is permitted to rest and relax during working hours when his pain requires this, and he is not required to drive long hauls.
In February, 1977, plaintiff was examined by Dr. Stuart Phillips, another orthopedic surgeon. At this time plaintiff’s main complaint concerned his knee rather than the ankle. Dr. Phillips diagnosed a tom cartilage which he attributed to the accident. This developed into one of the principal issues at the trial because plaintiff had never complained to Dr. Hamilton about his knee and a third orthopedist, Dr. Stokes, who examined plaintiff a short time after he was examined by Phillips testified that plaintiff said nothing to him about the knee. Furthermore, Dr. Hamilton questioned causal connection between the accident and the knee problem because so much time passed before plaintiff first complained to Phillips about the knee, but the latter explained that the knee symptoms were obscured as long as the ankle was healing and his leg was in the casts, both of which covered the knee. The resolution of this issue in favor of causation was within the fact finding province of the trial judge and will not be disturbed on appeal.
On the basis of X-ray studies Dr. Phillips also diagnosed arthritis in the ankle of such magnitude that it was more compatible with a person of 50 years of age rather than a 33 year old as was plaintiff. This condition was likewise attributed to the accident. This condition resulted in some limitation of motion in plaintiff’s foot.
Dr. Phillips thought that the knee and ankle would get worse and recommended surgery to remove the cartilage. He felt that this would become absolutely necessary in the future because the knee would eventually lock.
When asked about the degree of pain plaintiff was experiencing Dr. Phillips was somewhat vague in explaining that pain is subjective and varies according to a person’s tolerance of pain, but that considerable pain would probably be suffered by plaintiff from overactivity and in sitting, stooping, crawling and walking.
In order for the trial judge to conclude that plaintiff was totally and permanently disabled he had to believe plaintiff’s testimony concerning his pain and physical limitations. Once again, we accede to the fact finding role of the trial judge on this point since we cannot conclude that error is manifest.
However, defendants rely on Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980) for the proposition that even though plaintiff may be working in pain where he is able to find work on a regular basis he is only partially disabled. But the Dusang case must now be read in connection with Oster v. Wetzel, 390 So.2d 1318 (La.1980); Calogero v. City of New Orleans, 388 So.2d 820 (La.1980) and Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981), in which the court expounded on and applied the “odd-lot” doctrine. Under these cases an employee is entitled to com *4 pensation for total disability when, as a result of a compensable injury, he is unable to perform work for which a reasonably dependable market exists. If he performs his tasks in pain his employment opportunities are severely limited. Once the employee establishes that he is working in substantial pain and he further establishes a prima facie case that because of his physical impairment and other factors such as mental capacity, education and training, a reasonable stable job market does not exist for his' services, the burden shifts to the employer to rebut the prima facie case with evidence that some form of suitable work is available as a practical matter to that employee.
Plaintiff produced an occupational therapist who testified that she tested him and was satisfied after three of twenty routine tests that he was limited in his ability to work as a truck driver because of his pain. Plaintiff has an eighth grade education, is 33 years of age and has never done anything other than drive trucks. The therapist testified unequivocally that his employment opportunities were severely limited and that he was only able to hold the present job because it was “sheltered” with the employer making unusual concessions to accommodate plaintiff. We have concluded that this testimony and these circumstances provide the prima facie case spoken of in the cited cases, and since defendants offered no evidence to rebut plaintiff’s case, the trial judge’s conclusion that plaintiff was entitled to total and permanent disability is correct.
As to plaintiff’s answer to the appeal, the record does not provide any support for his position. There is no evidence of any unpaid past medical bills or of the need for any medical treatment in the future. The only possible medical attention required in the future is the removal of the tom cartilage which Dr. Phillips stated would be necessary, but plaintiff’s own testimony shows that he has no intention of having such an operation in the foreseeable future. Thus, the case is unlike Wilson v. Ebasco Services, Inc., supra, where plaintiff needed medical treatment immediately and could not secure it without the employer guaranteeing payment of the bills.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
ORDER
We grant a rehearing on the application of Pratt-Farnsworth Construction Company, Inc. and Liberty Mutual Insurance Company, defendants and appellants.
The matter will be submitted on rehearing on briefs only to be filed on or before April 20,1981.
Appellee should address the argument presented by appellants that they are entitled to a remand considering that the case was tried in August, 1979, and appellants were not charged with the knowledge of the burden of proof in odd lot cases developed by the Supreme Court in 1980 and 1981.
JOINT MOTION AND ORDER , FOR REMAND
On joint motion of Rebecca Macke, Attorney for Kenneth C. Lee, Plaintiff and Ap-pellee, and Darryl D. Sicarelli, Attorney for Pratt-Farnsworth Construction Company, Inc. and Liberty Mutual Insurance Company, Defendants and Appellants and upon suggesting to the Court that they desire that the above referenced matter be remanded to Division “E” of the Civil District Court for the Parish of Orleans, Honorable Gerald P. Fedoroff, Judge, for the purposes of approval of a compromise workmen’s compensation settlement.
Considering the foregoing;
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the foregoing action, entitled “KENNETH C. LEE vs. PRATT-FARNSWORTH CONSTRUCTION COMPANY, INC. AND LIBERTY MUTUAL INSURANCE COMPANY”, is remanded to Division “E” of the Civil District Court for the Parish of Orleans, Honorable Gerald P. Fedoroff, Judge for the purposes of approval of a compromise workmen’s compensation settlement.