WILLIAMS, Judge.
This appeal arises from a judgment of the trial court finding plaintiff, Robert G. Ca-logero, totally and permanently disabled as a result of an injury he sustained in the course and scope of his employment as a police officer with the New Orleans Police Department. Defendant, The City of New Orleans, has appealed asserting that, at most, plaintiff is entitled only to permanent partial disability because he is able to work at a job which pays him a better salary than the job in which he was injured.
Plaintiff was initially denied Workers’ Compensation for his injury and he sued defendant. At that trial, plaintiff was determined to be totally and permanently disabled and entitled to receive $85.00 per week for life in compensation benefits. Defendant appealed this judgment and this court affirmed.[1] Defendant then applied for and received writ of certiorari from the Louisiana Supreme Court. That court remanded the case back to the trial court, Calogero v. City of New Orleans, 397 So.2d 1252 (La.1980), for more evidence limited to the question of whether plaintiff could reasonably be considered an odd-lot worker, in light of two recent opinions of the Supreme Court that set forth a new standard.[2] On remand, defendant produced evidence directed to the issue of the reasonable availability of other work to plaintiff, considering his age, education, training and experience, in accordance with Oster and Dusang.[3] The trial court again found for plaintiff, adjudging him to be totally and permanently disabled. It is from that judgment defendant now appeals.
Plaintiff severely twisted his knee while in the course and scope of his employment as a New Orleans police officer in 1975. That plaintiff was injured on the job is not in dispute. The injury required surgery, and plaintiff returned to work as a police officer approximately two months later. Plaintiff worked two more years as a police officer before he retired on a full pension. In January, 1977, plaintiff filed a claim for Workers’ Compensation benefits due to his knee injury suffered two years earlier. Before he left the police force, he decided to use some of his accrued sick leave to search for other employment. After six months, in July, 1977, plaintiff was hired by the Orleans Parish Coroner’s Office as an administrative officer. Plaintiff has continued to work for the Coroner’s office up through the date of the second trial. During this time, plaintiff continued to receive his full police pension. Plaintiff contends that he is totally and permanently disabled because he is unable to pursue any gainful employment for which he is suited without experiencing substantial pain, and is, therefore, eligible for Workers’ Compensation benefits. Plaintiff also asserts that, in addition to working in substantial pain, he is entitled to total and permanent disability benefits based on the odd-lot worker doctrine because his injury and substantial pain has greatly diminished his ability to compete in the labor market and greatly limits the types of work available to him. *179 The trial court, after remand, found plaintiff can not do any routine tasks without experiencing substantial pain; that plaintiff should now be considered an odd-lot worker, and therefore, is entitled to a total and permanent disability rating.
The trial court finding that plaintiff was, at the time of trial, working in substantial pain was reasonable based upon the record. Plaintiff’s injury requires him to wear a leg brace which extends from his groin to his heel in order to stabilize his knee and allow him to walk. He wears this brace from the time he arises in the morning until the time he retires at night. Evidence showed that the brace was designed to take the weight off his injured knee, but as a result, the brace irritates other areas of his leg. Additionally, it was shown that the brace was not 100% effective in reducing the weight placed on that knee, since after plaintiff walked on it a little bit, the knee joint would become inflamed and irritated causing pain even while at rest.
Although, in plaintiff’s present employment he was assigned a desk job, he was often required to walk between various offices and back and forth to his car in order to perform his duties. Each time plaintiff placed weight on this leg, it would become painful. The more active plaintiff was, the more pain he would experience. Plaintiff’s testimony and that of the medical experts, clearly showed that plaintiff worked in substantial pain. The credible testimony showed essentially that plaintiff’s leg hurt him greatly and that any activity, save the exception of lying flat on his back, would aggravate the knee and produce significant pain. We conclude that plaintiff was working in substantial pain.
Our courts have previously found that a job-injured worker able to work, but in substantial pain, is totally disabled under La.R.S. 23:1221(2); Lattin v. HICA Corporation, 395 So.2d 690 (La.1981); Wilson v. EBASCO Services, Inc., 393 So.2d 1248 (La.1981); Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980); Whitaker v. Church’s Fried Chicken, Inc., 387 So.2d 1093 (La.1980). In Calogero v. The City of New Orleans, 388 So.2d 820, 821 (La.App. 4th Cir.1980), the court relied upon Whitaker, supra and stated in explanation that, “... [t]he case [ Whitaker ] does not seem to require such a worker to prove his inability to find and hold a more sedentary job than the one he is performing in order to be eligible for benefits for total disability. Stated in another way, even if plaintiff is not prevented by pain from performing some sort of sedentary work ... he is entitled to compensation benefits for total disability because his work is not that sedentary and he performs it in substantial pain.” We can find no reason to conclude differently. We cannot substitute our judgment for that of the trial court in its conclusion. We find that plaintiff was totally and permanently disabled and entitled to compensation benefits.
Plaintiff also asserts that he should be classified an odd-lot worker. A plaintiff makes out a prima facie case of disability, by showing he is an oddity in the labor market, and that he cannot perform services for which a reasonably stable market exists. If so, and if the employer does not offer credible rebuttal evidence showing that some suitable employment is regularly and continuously available within a reasonable proximity to the employee, the employee is then entitled to total and permanent disability. Lee v. Pratt, 397 So.2d 2 (La.App.1981). The purpose of the Supreme Court’s remand in the present case was to provide the parties the opportunity to present evidence on this issue. Plaintiff established his prima facie case to the trial court’s satisfaction. We think, however, that the City has successfully rebutted plaintiff’s prima facie case by clearly showing that there were at least a dozen or more jobs available to plaintiff for which a reasonably stable market exists, and that were regularly and continuously available to plaintiff within a reasonable proximity. Most of the jobs were compatible with plaintiff’s age, training and experience and we note that most, according to their job descriptions, were at least as sedentary as plaintiff’s present job. We find that there *180 is no obstacle to plaintiff’s finding suitable employment if he were not already employed in a sedentary capacity. We do not think plaintiff has established a prima facie case of odd-lot status so as to, on that basis, be entitled to total and permanent disability benefits. It cannot be said he is at a severe disadvantage in competing with others in a recognized labor market. Allor v. Belden Corp., 393 So.2d 1233 (La.1981); Augustine v. Courtney Constr. Co., et a1, 405 So.2d 579 (La.App. 3d Cir.1981).
Although plaintiff has not established his odd-lot eligibility entitling him to total and permanent disability benefits, we nonetheless find him eligible for such benefits by reason of his inability to engage in any employment without incurring substantial pain. Whitaker, supra.
For the reasons above, we affirm the trial court’s determination that plaintiff must work in substantial pain; we reverse that part of the trial court’s judgment finding plaintiff was an odd-lot worker as clearly erroneous.
AFFIRMED IN PART, REVERSED IN PART.
LOBRANO, J., concurs without reasons.
BARRY, J., joins the majority.
BARRY, Judge,
joins the majority:
I am satisfied that plaintiff met the “odd lot” guidelines contained in the Supreme Court remand and agree that plaintiff is also totally and permanently disabled due to working in substantial pain.

. Calogero v. City of New Orleans, 388 So.2d 820 (La.App. 4th Cir.1980).

. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980); and Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980).

.Id.