GRISBAUM, Judge.
This is a worker’s compensation dispute. The trial court awarded the plaintiff, Lucille Millet, 100 weeks of disability payments in the amount of $163 per week under our Louisiana Revised Statute 23:1221(4)(p), worker’s compensation for an injury sustained in the course and scope of her employment with the defendant, Container Corporation of America. In addition, the court awarded the plaintiff attorney’s fees of $444, finding the defendant arbitrarily and capriciously refused to pay timely the plaintiff’s medical expenses. From this judgment, the defendant appeals. We amend and affirm.
The facts of this matter are well-known to all parties.[1]
Two issues are presented:
(1) whether the employer’s delay in paying the plaintiff’s medical bills was arbitrary and capricious; and
(2) whether the trial court erred in finding the plaintiff suffered a serious, permanent impairment of a useful physical function.
With regard to the issue of whether the employer’s delay in paying the plaintiff’s medical bills was arbitrary and capricious, the following record facts are pertinent: The plaintiff alleges she had been working in pain when on July 30, 1982 she filed suit against the defendant requesting worker’s compensation payment. She continued working until April 14, 1983 and was immediately thereafter hospitalized by Dr. John Schuhmacher for evaluation and, depending upon the results of the testing, for surgery. Admitted into evidence is a letter dated March 28, 1983 from the plaintiff’s attorney to the defendant’s attorney and attached thereto is a copy of Dr. Schuh- *591 macher’s medical report of his treatment of the plaintiff. Dr. Schuhmacher’s report stated Ms. Millet had been symptomatic for one year and needed hospital evaluation. A subsequent letter from the plaintiff’s attorney to the defendant’s attorney, dated April 29, 1983, requested payment of Dr. Schuhmacher’s bill of $2025 for surgery performed on a ruptured disc. In addition, another letter, dated May 3, 1983, requested payment of hospital-related charges. Yet another letter, dated May 17, 1983, was sent to the defendant’s attorney requesting Dr. Schuhmacher’s bill be paid. The record reflects the defendant did not pay Dr. Schuhmacher’s fee until September of 1983, approximately two months subsequent to verification by Dr. Schuhmacher of the plaintiff’s work-related injury.
Our statutory law in Revised Statute 23:1201.2 provides that claims must be paid within 60 days after receipt of written notice. Clearly, more than 60 days has transpired since the plaintiff’s first written request for payment of Dr. Schuhmacher’s bill.
Louisiana Revised Statute 23:1201.2 is a penalty provision which is to be interpreted stricti juris and should be imposed only in those instances in which the facts negate probable cause for nonpayment. Smith v. Borden, 413 So.2d 701 (La.App. 4th Cir.1982); Battiste v. Frey, 360 So.2d 611, 613 (La.App. 4th Cir.1978). A compensation insurer cannot continue in a refusal to pay benefits if it becomes reasonably apparent, even after suit is filed, from all available information, that the claimant is clearly entitled to benefits. See, Battiste v. Frey, 360 So.2d 611, 613 (La.App. 4th Cir.1978). We find in the present case there was no reasonable dispute, from all available information, regarding whether the claimant was clearly entitled to medical payments. The defendant was given adequate notice by the plaintiff, and the information was verified by Dr. Schuhmacher. According to the record, the defendant had no competent medical evidence indicating in any way that the plaintiff’s surgery was not resulting from the work-related injury.
In addressing the question of the type of disability and the schedule of payments thereto, the appellant asserts that the award to the plaintiff of the maximum benefits for a serious, permanent impairment is unreasonable and not supported by the evidence. The appellant further submits that on the basis of - all the medical testimony it would have been reasonable for the court to award benefits up to the time when the plaintiff is discharged by her treating physician.
The trial court in its judgment dated February 17, 1984 awarded Lucille Millet compensation benefits in the full amount of $163 per week, effective April 14,1983, less credit for any weekly benefits paid since said date or $16,300 in weekly benefits, including interest from date of demand until paid. Additionally, in its reasons for judgment, the trial court stated its award was subject to modification on April 14, 1985 under the provisions of LSA-R.S. 23:1331.
The ultimate question before us is whether this recovery should be awarded for temporary, total disability or for the permanent loss of a physical function pursuant to Revised Statute 23:1221(4)(p). The defendant contends the trial court’s findings as to the extent of the plaintiff’s disability were clearly erroneous. We find, however, the plaintiff’s testimony as to her injury and ability to work to the extent necessary to keep her job, as well as Dr. Schuhmacher’s testimony regarding the extent of her disability, are uncontradicted. The earlier report made by doctors almost a year previous to the time of Dr. Schuh-macher’s report deal with the patient’s condition at that time and do not contradict Dr. Schuhmacher’s diagnosis of the patient’s later developing symptoms.
The question, then, is not one of factual determination but rather a legal question. The trial court found disability under Revised Statute 23:1221(4)(p), however, the evidence fails to meet the requirements of this provision which allows recovery only *592 “where the usefulness of a physical function is seriously and permanently impaired.”
As we evaluate the medical testimony and the plaintiffs testimony and work history, we conclude the plaintiff has not proven her back strain has produced such a loss of a physical function. We note particularly that Dr. Schuhmacher testified the plaintiff would be able to return to her previous job within two to four months from the time of trial.
We find, as the trial court did, the disability began April 14, 1983. We amend the trial court judgment in only one respect: The plaintiff is entitled to compensation based upon temporary, total disability during the period of such disability [LSA-R.S. 23:1221(1)], rather than serious and permanent' impairment of a physical function.
For the reasons assigned, we amend the trial court’s judgment relating to compensation in accordance with the reasons herein stated; in all other respects, we affirm the judgment of the trial court. All costs of this appeal are to be assessed against the appellant.
AMENDED AND AFFIRMED.

. On appeal, the defendant alleges the plaintiffs claim for worker’s compensation benefits was brought prematurely. The defendant, however, stipulated at trial the issue to be litigated before the trial court was whether worker's compensation benefits were owing the plaintiff during the period beginning with April of 1983. Thus, the defendant agreed to submit this issue to the trial court for litigation, and the defendant will not be heard now to complain that the plaintiff filed her petition prematurely.