472 So.2d 70 (1985)
Grace MARINE
v.
CORNWALL EQUITIES, LIMITED (FRANKLIN STORES DIVISION) and Insurance Company of North America.
No. CA-3043.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 1985.
Rehearing Denied July 26, 1985.
Thomas J. Blasi, New Orleans, for plaintiff-appellant Grace Marine.
George J. Richaud, New Orleans, for defendants-appellees Cornwall Equities, Ltd., Franklin Stores Div. and Ins. Co. of North America.
Before GULOTTA, KLEES and CIACCIO, JJ.
KLEES, Judge.
Grace Marine appeals the dismissal of her petition for total and permanent disability under the Louisiana Worker's Compensation *71 statute. LSA-R.S. 23:1221. We find that Grace Marine is not totally and permanently disabled but is partially disabled and reverse the trial court.
On July 19, 1980, while working as a cashier at the Mayfair Store, Grace Marine, then fifty-five years old, fell and injured her left knee. Upon her arrival at home, her knee began to swell and discolor. After informing the manager of the store of the fall, she was taken to Mercy Hospital, examined, and treated for her injuries. Although X-rays did not reveal any fracture or other injury, Mrs. Marine was given medication for pain and told to apply ice packs for swelling. Additionally, she was referred to an orthopedist, Dr. Chris DiGrado, for further treatment.
Mrs. Marine was treated by Dr. DiGrado for approximately fifteen months. She underwent two arthroscopic procedures, one for her knee and one for her ankle, in addition to being placed in casts several times. She was further treated during this time by another orthopedist, Dr. Terry Habig, in connection with her ankle complaints. In October, 1981, Dr. DiGrado discharged Mrs. Marine as fit to return to work.
Mrs. Marine attempted to treat herself for the pain after Dr. DiGrado discharged her but, when that failed, she was referred to Dr. Yves Guillory, a general surgeon and family practitioner. He diagnosed Mrs. Marine as suffering from a soft tissue injury from which she may never recover. This soft tissue injury was not diagnosed by Dr. DiGrado or Dr. Habig. Dr. Guillory has treated Mrs. Marine from May, 1982 until the present for knee pain as a result of the accident.
Mrs. Marine was paid compensation benefits from the time of her injury until October, 1981 when Dr. DiGrado discharged her noting that she could return to work. She did, in fact return to work but, after a few days, was unable to work because of the pain in her knee. Mrs. Marine has been unable to work since the date of her accident.
Suit was brought for a determination of total and permanent disability within the meaning of the Worker's Compensation statutes. R.S. 23:1021 et seq. The trial court held that Mrs. Marine was not disabled within the meaning of the Louisiana Worker's Compensation statutes and dismissed her petition.
In reviewing a worker's compensation case, this court is bound by the findings of fact of the trial court unless that court is clearly wrong in its determination. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Our review of the record reflects that all parties stipulated to the fact that Grace Marine was injured in a work-related accident on July 19, 1980. Therefore, Mrs. Marine need not prove that she was injured on the job.
Mrs. Marine was treated by Dr. DiGrado thirty-three times over a period of fifteen months complaining of pain and swelling in her knee. Additionally, she had problems with her ankle as a result of the weakness in her leg caused by the pain in her knee. Dr. DiGrado referred Mrs. Marine to Dr. Habig when he could not adequately treat Mrs. Marine's ankle. When the ankle problems cleared up, the knee pain continued and Mrs. Marine went back to Dr. DiGrado. In October 1981, Dr. DiGrado discharged Mrs. Marine as fit to return to work.
After treatment from Dr. DiGrado, Mrs. Marine attempted to return to work but because of the pain in her knee she was unable to adequately perform her job. She attempted to treat the pain herself but to no avail. She was then referred to Dr. Yves Guillory, and has been under his care and treatment since May 1982.
Mrs. Marine has complained of pain and swelling in her knee constantly. There was testimony by several lay witnesses who stated that Mrs. Marine was in pain almost daily and that the left knee was swollen and weak at times. This weakness caused her leg to give way many times. Although the pain is at times intermittant, we conclude that Mrs. Marine has been in *72 some pain since the date of the injury. Pain is a subjective symptom of injury. No diagnostic procedure such as X-ray, bone scan, or arthroscope is able to detect such an injury. Mrs. Marine exhibited no objective symptoms of injury, although at some point in their treatment of Mrs. Marine, all of the doctors did note some swelling in the knee. Dr. Guillory was the only medical witness who testified that Mrs. Marine had a soft tissue injury of the left knee.
In Louisiana, the worker's compensation laws are liberally construed in favor of the worker. Woodard v. J. & M. Seafood Restaurant, 413 So.2d 536 (La. App. 4th Cir.1982). Mrs. Marine has not been able to work since the time of her accident due to pain in her knee. Although she does not specifically complain of substantial pain, she nevertheless complains of pain constantly and the evidence is sufficient to substantiate her complaints. We find no evidence to show that Mrs. Marine is a malingerer, nor do we find that her complaints of pain are unfounded or exaggerated. Accordingly, we conclude that Mrs. Marine is disabled because of pain within the meaning of the Workmens Compensation Act, and we further conclude that the trial court was clearly erroneous in finding that Mrs. Marine was not disabled.
Mrs. Marine entitlement to permanent and total disability compensation was governed by LSA-R.S. 23:1221(2) which, at the time of her accident, afforded total disability compensation only if the employee were unable "... to engage in any gainful occupation for wages whether or not the same or similar occupation as that in which the employee was customarily engaged...."
Mrs. Marine asserts that she should be classified as an odd-lot worker. A plaintiff makes out a prima facie case of disability, by showing he is an oddity in the labor market, and that he cannot perform services for which a reasonably stable market exists. If so, and if the employer does not offer credible rebuttal evidence showing that some suitable employment is regularly and continuously available within a reasonable proximity to the employee, the employee is then entitled to total and permanent disability. Lee v. Pratt Farnsworth Const. Co., Inc. 397 So.2d 2 (La.App. 1981). Calogero v. City of New Orleans, 434 So.2d 177 (La.App. 4th Cir.1983). Under the facts of this case we conclude that Mrs. Marine did not make a prima facie case of disability.
However, we do find that Mrs. Marine is partially disabled because she is unable to perform the same duties in which she was customarily engaged when injured or duties of the same or similar character for which she was fitted by education, training, or experience. Lattin v. Hica Corp., 395 So.2d 690 (La.1981); Martin v. H.B. Zachry, Co., 424 So.2d 1002 (La.1982).
Therefore, for the reasons assigned, we reverse the trial court and hold that Mrs. Marine is entitled to the benefits for partial disability under the Louisiana Worker's Compensation statute. LSA-R.S. 23:1221(3). We remand the case to the district court for a determination of the benefits owed to Mrs. Marine under LSA-R.S. 23:1221(3). Costs to be borne by Appellee.
REVERSED AND REMANDED.