SCHOTT, Judge.
This is a worker’s compensation case arising out of an accident which occurred on May 30, 1982. The trial court awarded plaintiff benefits for permanent total disability for the stated reason that she could not return to the same work she was doing when injured. Defendant has appealed contending she is entitled to benefits for partial disability only. The issue is whether the law and evidence support the trial court’s award.
Plaintiff injured her back while lifting a patient at the hospital where she was employed as a licensed practical nurse. She was initially seen on June 7 by Dr. Frank Schiavi, an orthopedist, who diagnosed a lumbosacral strain and put her on a program of physical therapy and heat treatments. On return visits of June 21 and 28 he thought she was not making progress, and he recommended hospitalization for traction.
On July 7, 1982 plaintiff was seen by Dr. Nathaniel Ross, an internist, who continued to treat her until the date of the trial on April 29, 1985. Despite treatment consisting of muscle relaxants, ultrasound, pain medication, home heat treatments, a lumbo-sacral brace, and a TENS unit and after being seen by Dr. Ross perhaps one hundred times, plaintiff continued to suffer with pain in her back. Although he felt that she was unable to return to work he “didn’t feel qualified to make that judgment” and deferred to the opinion of an orthopedist to whom he had referred her.
This orthopedist was Dr. John Agoro-Ombaka. She was first seen by him on March 15, 1983. After examining her and reviewing reports from the other physi *205 cians and test results on her he diagnosed low back syndrome or persistent pain in her back but no disc condition. He saw her every month or six weeks in consultation with Dr. Ross and last saw her on March 4, 1985. In his opinion she was unable to work as a nurse, but she could be trained for something else which would not involve pushing, pulling, or lifting. He felt she should make every attempt to go back to work in some area where reinjury of her back could be avoided.
Dr. Ombaka had plaintiff evaluated by Dr. Carl Culicchia, a neurosurgeon, in October 1984, and Dr. Leslie Hightower, a neurologist, on December 4, 1984. Dr. Culicc-hia ran a CAT scan and an EMG on her which were normal as was his neurological examination of her. He saw no reason why she could not return to work as a nurse. In Dr. Hightower’s opinion, plaintiff had a low back syndrome, her prognosis was good for eventual resolution of symptoms, and she could be employed at her former job with certain restrictions.
Plaintiff went to Dr. Kenneth Vogel, a neurosurgeon, on March 5,1985. He found a mild degree of spasm, mild scoliosis, and reduced reflex in the right Achilles tendon. He felt she required further evaluation and testing and that she could not return to work as a nurse.
Defendant had plaintiff evaluated by Dr. Cornelius Gorman, an expert in the field of rehabilitation and job placement. He noted that she had two and one-half years of liberal arts courses at LSU, and he found her to be a well-spoken, intelligent, sparkling and articulate person with an excellent attitude. He was of the opinion that she could be placed in light work in the health related fields other than as a nurse.
In his reasons for judgment the trial court found plaintiff permanently and totally disabled because she could not return to her former job. However, because this was not the proper standard for determining permanent total disability the judgment is erroneous as a matter of law. At the time of plaintiffs injury the worker’s compensation law had been amended to classify as partially disabled under LSA-R.S. 23:1221(3) a claimant like the plaintiff who would have been characterized as permanently and totally disabled under the prior law despite her being able to earn substantial wages at a different occupation. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982). The record would support the trial court’s conclusion of permanent total disability under the old standard, but because the evidence preponderates in favor of the conclusion that she can perform work other than that of practical nurse she is entitled to benefits only for partial disability. Marine v. Cornwall Equities, Ltd,., 472 So.2d 70 (La.App. 4th Cir.1985), writ denied, 477 So.2d 104.
Accordingly, the judgment appealed from is affirmed but amended to provide that plaintiff’s benefits will not continue beyond four hundred fifty weeks from the date of her injury. Costs of this appeal are taxed against plaintiff.
AMENDED AND AFFIRMED.