524 So.2d 259 (1988)
Myron CULOTTA
v.
The GREAT ATLANTIC AND PACIFIC TEA COMPANY and ABC Insurance Company.
No. 87-CA-833.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
*260 Christovich & Kearney, Jeffrey J. Christovich, New Orleans, for The Great Atlantic and Pacific Tea Co., defendant-appellant.
W. Paul Weidig, Metairie, for Myron Culotta, plaintiff-appellee.
Before CHEHARDY, C.J., and BOWES and WICKER, JJ.
CHEHARDY, Chief Judge.
Defendant, The Great Atlantic and Pacific Tea Company (A & P), appeals a worker's compensation judgment rendered in favor of plaintiff, Myron Culotta. The judgment reinstated plaintiff's supplemental earnings benefits pursuant to LSA-R.S. 23:1221(3), and also awarded plaintiff attorney fees in the amount of $2,500 under the authority of LSA-R.S. 23:1201.2.
On appeal, defendant contends the plaintiff is not entitled to supplemental earnings benefits under the statute. Defendant further alleges the trial judge erred in awarding attorney fees to plaintiff under the facts of this case.
Plaintiff was partially and permanently disabled in a work-related accident while employed by defendant. In the accident, plaintiff sustained a back injury necessitating a lumbar laminectomy, which resulted in restrictions of his movements. Because of his injury, defendant paid worker's compensation benefits to plaintiff from June 6, 1984 through April 9, 1986 at the maximum rate of $245 based on his weekly wage of $419.74. In addition defendant paid plaintiff's medical expenses and the expenses related to rehabilitation.
On April 10, 1986, plaintiff began receiving supplemental earnings benefits due to the fact that he became employed with New Orleans Private Patrol, Inc. (N.O.P.P.), at a wage lower than he had earned with defendant. Three months later, defendant discontinued the supplemental earnings payments.
As a result of defendant's discontinuance of the benefits, plaintiff filed a claim with the office of worker's compensation for administrative relief. Subsequent to its recommendation, suit was filed and trial was held on January 30, 1987. On February 24, 1987, judgment was rendered as heretofore stated.
The first issue presented in this appeal is whether the trial judge erred in reinstating plaintiff's supplemental earnings benefits. In this regard defendant contends plaintiff is physically able to earn higher wages than he currently receives, and that proof was made at trial of available employment, in particular with Transamerican Recovery, Inc. (Transamerican), which would allow him to earn the higher wages.
Subparagraph (a) of LSA-R.S. 23:1221(3), the supplemental earnings benefits statute, provides for the method of calculating supplemental earnings to those injured employees who are unable to earn wages equal to 90% or more of the wages earned at the time of injury. Under Subparagraph (b), the amount determined to be the wages the employee is able to earn cannot be less *261 than sums actually received by the employee, including, but not limited to, odd-lot employment, sheltered employment or employment while working in pain. Where the employee is not engaged in employment as described in Subparagraph (b) or is earning less than the amount determined to be the wage he is able to earn, Subparagraph (c)(i) provides in part:
"[T]he amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region." (Emphasis added.)
Four courts have addressed the supplemental earnings benefits in regard to the employer's burden of proof under Subparagraph (c)(i). In Gaspard v. St. Paul Fire & Marine Ins. Co., 483 So.2d 1037 (La.App. 3 Cir.1985), benefits were granted because no evidence was produced that employment was available in the area that plaintiff could perform without substantial pain, or what wages plaintiff would have earned from such employment. A similar result was reached in Valley v. American Ins. Co., 510 So.2d 449 (La.App. 3 Cir.1987). As stated in Captain v. Sonnier Timber Co., 503 So.2d 689 (La.App. 3 Cir.1987), the employer must show the employee is physically capable of performing employment which is offered or available. In a Fourth Circuit case Batiste v. Hopeman Bros., Inc., 508 So.2d 922 (La.App. 4 Cir.1987), the court held the employer does not have to prove a particular job is available, just that jobs are available which the employee can physically perform. However, there the court noted that the testimony by the rehabilitation expert showed jobs were available in the market that the employee, who was unemployed, could realistically secure.
In this case plaintiff was employed with N.O.P.P. at the time his supplemental benefits were terminated. He obtained the employment on his own initiative and worked six days a week because, according to plaintiff, he needed the extra earnings. His base pay was $4 per hour and overtime was paid at the rate of $6 per hour. At trial he produced payroll stubs showing he received a salary ranging from $383.63 to $465.78 every two weeks, including overtime.
Prior to this employment, plaintiff applied for numerous jobs referred to him by Catherine Prieur, defendant's vocational rehabilitation counselor. The results of his efforts in pursuing those positions were recorded on a log which he provided to Ms. Prieur on a regular basis. Except for the one position at Transamerican, the log sheets showed that the jobs Ms. Prieur sent him to apply for paid wages between $3.35 and $4 per hour, paid commission only, or involved moving physical objects.
According to Ms. Prieur's data sheet on the various potential positions the Transamerican job involved telephone collections of unpaid bills and paid commission only for the first three months. After the first three months, the collector would receive a salary of $1,000 per month plus commissions. It was expected, according to Ms. Prieur, that the collector would make between $1,000 and $1,500 solely on commissions.
The testimony at trial showed plaintiff diligently pursued Ms. Prieur's job "leads" and his own without success. Although he admitted to being fearful of a telephone collection position because of his lack of experience, education and interest in pursuing recalcitrant debtors, he did attempt on three occasions to set up an interview with Transamerican, but received no response. At no time was he offered a position with that company. When he was unsuccessful in this attempt, he sought and obtained a job with N.O.P.P., a company he had worked for early in his work history. At the time of trial he had worked continuously for N.O.P.P. for 10 months without missing a day's work.
Unlike the cases cited previously, the plaintiff herein was working in a job he *262 was able to secure only after a lengthy search. The evidence at trial also showed that the jobs presented to him by defendant for possible employment were filled, were unsuitable due to the physical requirements, or offered a nebulous wage or a wage less than 90% of his pre-injury earnings. Even the Transamerican position only provided a definite salary after three months and that salary provided a lesser wage per week than plaintiff was earning prior to his injury.
In our opinion, the jobs proven to be available to an employee under R.S. 23:1221(3)(c)(i) must be realistically obtainable by the employee and must offer earnings which are more than mere speculation. In this case defendant failed to prove employment was either offered or available for which plaintiff is capable of physically performing, and which pays wages equal to 90% or more of his pre-injury salary. Thus, we find the trial court did not err in reinstating plaintiff's benefits.
The next issue presented by defendant is whether the trial judge erred in awarding plaintiff attorney fees. In this regard plaintiff requests the court to affirm the award and to further award attorney fees necessitated by defendant's appeal.
LSA-R.S. 23:1201.2 allows for the imposition of reasonable attorney fees incurred in the prosecution and collection of a worker's compensation claim when the employer arbitrarily, capriciously and without probable cause fails to pay a claim or discontinues payment of claims due and arising under the chapter. Whether the employer's act is arbitrary, capricious or without probable cause depends upon the facts existing and known to the employer at the time the payments were stopped. Levitz Furniture Corp. v. Horne, 477 So.2d 824 (La.App. 5 Cir.1985), writ denied 481 So.2d 633 (La. 1986). The realistic standard for making this determination is whether there was a "reasonable" basis for a dispute as to the employee's entitlement to benefits. Levitz, supra; Millet v. Container Corp. of America, 459 So.2d 589 (La.App. 5 Cir.1984), writ denied 462 So.2d 211 (La.1985). Because the attorney fees are deemed to be a penalty, their value need not be proven, but rather the trial court may employ his own experience and expertise in deciding the amount of time and effort the lawyer has put into the preparation of the case. Levitz, supra; Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983).
In this case, no explanation or evidence was offered at trial or in the stipulations of fact as to why the benefits were terminated three months after they were instituted, and four months after the plaintiff made attempts to contact Transamerican. It is only in this appeal that defendant attempts to justify its actions. Without evidence of the facts existing and known to defendant at the time the payments were stopped, this court cannot determine whether or not the defendant's actions were reasonable. Simon v. Western Preferred Cos. Co., 491 So.2d 28 (La.App. 3 Cir.1986); Kraemer v. Louisiana Power & Light Co., 393 So.2d 346 (La. App. 1 Cir.1980). Consequently, we find the trial judge did not err in awarding attorney fees to plaintiff.
Finally, plaintiff, in appellate brief, requests this court to award additional attorney fees for the legal work necessitated by defendant's appeal. However, plaintiff neither answered the appeal nor did he cross-appeal. Lacking such, this court is not empowered to grant plaintiff relief in this regard. Woodard v. Gregory and Cook, Inc., 442 So.2d 912 (La.App. 3 Cir. 1983); Self v. Riverside Companies, Inc., 382 So.2d 1037 (La.App. 2 Cir.1980); writ denied 385 So.2d 793 (La.1980). See also Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965); Achord v. H.E. Weise Const. Co., 422 So.2d 1248 (La.App. 1 Cir.1982); Duffour v. Hartford Cas. Ins. Co., 359 So.2d 720 (La.App. 4 Cir.1978); Delahoussaye v. Allen Action Agency, Inc., 300 So.2d 575 (La.App. 3 Cir.1974).
Accordingly, the judgment of the trial court is hereby affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.