GUIDRY, Judge.
Plaintiff, Joseph Donald Thomas, brought this worker’s compensation suit against his employer, Archer Construction Company (Archer), and its worker’s compensation insurer, General Accident Insurance Company, seeking restoration of his temporary total disability benefits. At the time of trial, plaintiff was receiving $24.00 per week in supplemental earnings benefits. The trial judge held in written reasons for judgment that plaintiff was entitled only to supplemental earnings benefits under La.R.S. 23:1221(3) since employment was proven available to him and he was physically able to perform that employment. The trial court rendered judgment dismissing plaintiff’s demand for increased worker’s compensation benefits. Plaintiff appealed.
FACTS
Thomas was employed by the defendant, Archer, as a construction laborer. His duties included pouring concrete and other types of general manual labor. On February 24, 1984, while removing sheet rock from a second story apartment, Thomas *718 walked onto a porch which collapsed causing him to fall approximately eight feet to the ground. He was not rendered unconscious but complained of pain in his head after the fall and some headaches.
The parties stipulated to the following facts:
1. Plaintiff was injured while acting in the course and scope of his employment with Archer Construction Company.
2. Plaintiff was earning $4.00 per hour and his average weekly wage at the time of the accident was $200.00.
3. Plaintiff received temporary total disability benefits in the amount of $133.34 per week from date of accident to and through February 23, 1987.
4. From February 24, 1987 through date of trial, plaintiff received reduced benefits in the amount of $24.00 per week in supplemental earnings benefits.
5. All of plaintiffs medical expenses incurred through date of trial have been paid by defendants.
Plaintiffs medical treatment after the accident is essentially undisputed. A short time after the accident, plaintiff was examined by Dr. A1 Mayer of Lafayette and returned home. Later that night his neck began to hurt and he was admitted to the emergency room at AMI Doctor’s Hospital of Opelousas. Plaintiff remained there for five days. A CT scan of his head was normal. Thereafter, plaintiff continued to experience episodic dizziness and fainting. He was referred to Dr. James Domingue, a neurologist. Plaintiff first saw Dr. Do-mingue on May 9, 1984. His chief complaints were dizziness, fainting, headaches and neck pain. Dr. Domingue examined plaintiff but found no objective evidence of neurological problems to substantiate plaintiffs subjective complaints. Because of plaintiff's continued complaints of headaches and episodic fainting, he was admitted to Lafayette General Hospital for a complete diagnostic workup. The results of the medical tests performed were essentially negative with the exception of conversion hysteria, some apprehension, anxiety and moderate depression emanating from the headaches and fainting which was noted by a psychologist and psychiatrist who examined plaintiff. Dr. Domingue treated plaintiff from May 9, 1984 through October 8, 1986, but never discovered any objective findings which would explain plaintiffs episodic fainting and dizziness. However, Dr. Domingue did diagnose plaintiffs fainting spells as autonomic dysfuction related to the head injury. During the course of treatment, plaintiffs headaches and pain were alleviated by medication.
By report of December 5, 1985, to General Accident Insurance Company, Dr. Do-mingue suggested that plaintiff be gradually reintroduced to the work force, i.e., that plaintiff was to begin working three hours per day and work up to a full eight hour day over a six month period. The only work restrictions placed on plaintiff were as follows: no driving or operating heavy equipment or other vehicles and no working in high places. By report of June 4, 1986, Dr. Domingue specifically stated: “I have imposed no limitations on Donald except that he should not be exposed to heights or driving”. In his deposition, Dr. Domingue indicated that Thomas was able to return to the type of manual labor he was performing at the time of his accident subject to the aforementioned restrictions. Although plaintiff reported some infrequent fainting episodes as of December 17, 1986, the last date on which he was examined by Dr. Domingue, the doctor nevertheless maintained that he was able to return to work subject to previous restrictions. Dr. Domingue stated he would eventually lift the driving restriction once plaintiff went without a fainting spell for at least three months.
In accordance with the recommendations of Dr. Domingue, General Accident Insurance Company retained the services of Crawford Risk Management Services to undertake plaintiffs vocational rehabilitation. These services continued over the next 28 months and involved counseling Thomas, conducting labor market surveys and attempting to locate a job for him commensurate with his job skills and work restrictions. After filing numerous applications, in December of 1985, a part-time job was *719 secured by Thomas with the Daily World newspaper in Opelousas, Louisiana. Plaintiffs job involved inserting advertisements into newspapers. Plaintiff admitted that he had no problems with this job. According to plaintiff, he worked approximately six to seven hours over a two day period but was never called back by the management to work again. Plaintiff was compensated “around $4.00 an hour” for his work.
Presumably based on Thomas’ ability to work at the Daily World and Dr. Do-mingue’s numerous reports suggesting that plaintiff was capable of returning to the work force subject only to two restrictions, compensation benefits were reduced from $133.34 per week to $24.00 per week in supplemental earnings benefits. According to appellee’s brief, this reduction was based upon a present wage earning capacity of $3.70 per hour.
On appeal, plaintiff urges that the trial judge erred in concluding that La.R.S. 23:1221(3) is applicable to the case sub judi-ce. We disagree.
The medical evidence adduced at trial establishes that plaintiff is able to return to work without limitation except that he not be exposed to heights nor be allowed to drive. Therefore, the issue becomes whether the defendants carried their burden of proving that there was suitable employment available to plaintiff.
La.R.S. 23:1221(3)(c)(i) reads in pertinent part:
. If the employee is not engaged in any employment or self-employment, ... the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, ... which he was physically able to perform ... and ... which is proven available to the employee in the employee’s or employer’s community or reasonable geographic region.”
At trial, defendants introduced the deposition of Glenn M. Hebert, an expert in vocational rehabilitation counseling. Hebert stated that in assessing Thomas’ potential for rehabilitation, he took into account his physical limitations, age, education, training and prior work experience. Additionally, Hebert read the depositions of Dr. Domingue and Thomas. From these depositions and his assessment of plaintiff, Hebert concluded that plaintiff would be suited to return to work as a laborer including such jobs as a janitorial worker, short order cook or kitchen worker. Hebert stated that these jobs are in the $3.35 to $5.00 per hour range. Moreover, once the driving restriction was lifted by Dr. Domingue, Hebert stated that plaintiff’s wage earning capacity would rise to the $5.50 to $6.00 per hour range. Although Hebert stated that he did not conduct a labor market survey and could not point to a particular employer who could take Thomas’ application, he did state that, based on his experience in this geographical area, there are suitable jobs available to Thomas. Further, status reports written by a vocational consultant for Crawford Risk Management Services regarding Thomas indicate that approximately 11 labor market surveys were conducted on plaintiff’s behalf over a two year period. These surveys established that numerous jobs were available which plaintiff was capable of performing. Additionally, plaintiff was instructed to apply for these positions and he eventually secured employment, albeit temporary and part-time in nature.
We discern no clear error in the trial court’s conclusion that defendants carried their burden of proving that there are suitable jobs available to Thomas in plaintiff’s community or reasonable geographic region. See Batiste v. Hopeman Brothers, Inc., 508 So.2d 922 (La.App. 4th Cir.1987), writ denied, 512 So.2d 1178 (La.1987).
For the above and foregoing reasons, the judgment of the trial court is affirmed. Plaintiff-appellant is cast with all costs of this appeal.
AFFIRMED.