Willene FLOWERS et al *v.* SOUTHERN
ROAD BUILDERS and BITUMINOUS
INSURANCE COMPANY

CA 79-309                                594 S.W. 2d 865
Court of Appeals of Arkansas
Opinion delivered February 27, 1980
Released for publication March 19, 1980

*Ralph M. Cloar, Jr.* and *Charles E. Houston, Jr.,* Walterboro, S.C., for appellants.

*Friday, Eldredge & Clark,* by *Frederick S. Ursery,* for appellees.

ERNIE E. WRIGHT, Chief Judge. This is an appeal by the widow of Grady Flowers from a decision of the Workers' Compensation Commission denying widow's benefits.

The Commission awarded benefits to the three minor children of the deceased, and the only issue on appeal is whether the Commission erred in failing to award benefits to the widow on the ground the evidence failed to establish she was dependent upon the deceased at the time of his death.

At the time of Mr. Flowers's death he and his wife had lived separate and apart for the preceding sixteen months during which time the deceased had provided no support to appellant and there was no contact between the parties. For the most of this period appellant lived in a house with another man who supported her. The appellant testified her husband told her before he left the home he was going to save up money and buy a new house on his return. There was no evidence corroborating the testimony of appellant. The decision of the Commission apparently discounted this

testimony, and the rule is well settled that the testimony of an interested party will not be regarded as undisputed in determining the legal sufficiency of the evidence. *Bridges* v. *Shapleigh Hardware Company,* 186 Ark. 993, 57 S.W. 2d 405 (1933). Also, we cannot say the Commission erred if it considered such statement as having been made, but regarded it as falling short of establishing dependency.

In *Roach Manufacturing Co.* v. *Cole,* 265 Ark. 908, 582 S.W. 2d 268 (1979), the court held that when the legislature amended Ark. Stat. Ann. § 81-1315 in 1976 to provide compensation for the death of an employee under the Workers' Compensation Law, would be payable only "to those persons who were wholly and actually dependent upon him", by adding the word *actually,* intended to remove any conclusive presumption of dependency; and that where the widow is not living with her husband at the time of his death, there must be some showing of actual dependency.

In light of the undisputed evidence in the present case showing total lack of support of appellant by her husband for sixteen months immediately prior to his death and evidence she was being supported by another man, we conclude there is substantial evidence to support the finding of the Commission that dependency by appellant was not established.

Affirmed.