490 So.2d 1386 (1986)
Jessie SHERMAN, et al.
v.
The CABILDO CONSTRUCTION COMPANY and American Insurance Company.
No. 86-CA-0549.
Supreme Court of Louisiana.
June 23, 1986.
*1387 Frank A. Bruno, Bruno & Bruno, New Orleans, for plaintiff-appellant.
James L. Donovan, Donovan & Lawler, Metairie, for defendant-appellee.
WATSON, Justice.
In this suit for worker's compensation death benefits, the issue is the constitutionality of Act No. 509 of 1980,[1] which amended LSA-R.S. 23:1231 to provide that, if an employee had no legal dependents, each surviving parent receives a lump sum of $20,000.

FACTS
Eli Sherman suffered a fatal heart attack on July 5, 1983, in the course and scope of his employment as a laborer with Branchy Thornton, Sr., d/b/a Cabildo Construction Company, leaving no dependents. American Insurance Company is the worker's compensation insurer of Thornton. As the trial court stated in reasons for judgment, there is no real dispute about the facts. Sherman's surviving relatives were his mother, Corinne Sherman, eight brothers and sisters, and five nieces. After Eli Sherman's death, his mother died. Plaintiffs[2] sued for the benefits due Corinne Sherman, the surviving parent. Defendants filed an exception of no right or cause of action alleging that: (1) any right to *1388 benefits possessed by Corinne Sherman was extinguished by her death; and (2) the statute violates equal protection because it does not require surviving parents to prove dependency.
The trial court denied the exception of no cause of action. After trial on the merits, the trial court rendered judgment in favor of defendants, concluding that there was no rational basis for giving nondependent parents a lump sum award while requiring other statutory beneficiaries to prove dependency.
Plaintiffs appealed to the fourth circuit court of appeal, and the appeal was transferred because of the finding of unconstitutionality.

CONCLUSION
There is no question that the right of the mother, Corinne Sherman, vested at the time of her son's death and was inherited by these plaintiffs. Turner v. Southern Wheel & Rim Service, Inc., 332 So.2d 770 (La., 1976); Warren v. Globe Indemnity Co., 216 La. 107, 43 So.2d 234 (1949).
Because compensation is an exclusive benefit which bars recovery in tort, Act 509 of 1980 was enacted to give a lump sum benefit to surviving nondependent parents. The legislation resulted from the inequity of denying death benefits for a worker without dependents, despite his or her parents' substantial economic investment in upbringing and education and the windfall to the employer and/or insurer.
Most states restrict benefits for the death of a worker without dependents to burial expenses.[3] Other states require a contribution to some sort of special fund in addition to burial expenses.[4] A minority of states, including Louisiana, allow some benefits when there are no dependents.[5]
Louisiana imposes a statutory reciprocal obligation of support on needy parents and major children.[6] Some other states, including California, impose a similar duty of support.[7] Authorities are divided on the question of whether such an inchoate obligation can be the basis for finding dependency.[8] However, that question need not be *1389 resolved here, because actual financial dependence is not a sine qua non, an indispensable condition, for recovery of Louisiana compensation death benefits; those benefits are statutorily independent of the deceased's right to compensation. When living with the deceased worker, a spouse, a child under eighteen, and a child under twenty-three who is a full-time student are "conclusively presumed to be wholly and actually dependent upon the deceased employee."[9] Thus, factual dependence is not a requirement for claimants in those categories. Survivor's benefits can be recovered by parents when there are no "legal dependents".
In Utah, a widow who remarries receives a lump sum award consisting of one-third the benefits otherwise accruable. An equal protection attack on the reduction in benefits because it was inapplicable to minor children was rejected.[10] The Utah court reasoned that the duty of support to spouses and children spring from different roots, one ex contractu and the other from blood relationship. Hence, spouses and children do not occupy the same class and status. Correspondingly, the obligations owed parents, as opposed to those owed wives and children, are conceptually different. The same standard for recovery of benefits need not apply. The Due Process Clause only bars arbitrary classifications, which lack any rational justification. Bowen v. Owens, ___ U.S. ___, 106 S.Ct. 1881, 90 L.Ed.2d 316 (1986).
Equal protection merely requires that persons similarly situated receive like treatment. Defendants have not been deprived of equal protection because they are being treated as are all other employers and insurers.[11] While defendants have an economic interest in this matter, they are not within the group of persons required to prove dependency, and thus lack direct standing to challenge recovery by these plaintiffs. Generally, a litigant may only assert his own constitutional rights. McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).
The question is whether defendants have third party standing to attack the mother's benefit on the ground that the statute denies equal protection to a hypothetical party who would be required to prove dependency. "Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party." Barrows v. Jackson, 346 U.S. 249 at 255, 73 S.Ct. 1031 at 1034, 97 L.Ed. 1586 at 1594 (1953), reh. den. 346 U.S. 841, 74 S.Ct. 19, 98 L.Ed. 361 (1953). Any relationship between these defendants and such a third party would necessarily be antagonistic; in no way would they be proper representatives of such a third party. The United States Supreme Court has consistently denied standing to those seeking to assert the property rights of third parties.[12] The general rule is that:
"one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." United States v. Raines, 362 U.S. 17 at 21, 80 S.Ct. 519 at 522, 4 L.Ed.2d 524 at 529 (1960).
*1390 Statutes are presumed constitutional, and judicial self-restraint is appropriate when statutes are under constitutional attack. Allowing these defendants standing to litigate denial of equal protection to third parties not before the court would be unwarranted judicial activism.
Defendants' arguments are dubious on the merits, and defendants lack standing to raise the equal protection question. The trial court erred in deciding a constitutional issue which was not squarely before the court in an adversary posture.
Plaintiffs prayed for penalties and attorney's fees. Defendants' lack of good faith is illustrated by the completely meritless defense raised to plaintiffs' inheritance rights from their mother.[13] The other defense to plaintiffs' claim "falls squarely within the prudential standing rule that normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves...." Warth v. Seldin, 422 U.S. 490 at 509, 95 S.Ct. 2197 at 2210, 45 L.Ed.2d 343 at 361 (1975).
Generally, an insurer is not liable for penalties and attorney's fees when there is a substantial factual dispute. Crawford v. Al Smith P. & H. Service, Inc., 352 So.2d 669 (La.,1977). However, a legal attack on a statute's constitutionality is an insufficient ground for denying payment. See Brasseaux v. Argonaut Ins. Co., 432 So.2d 1153 (La.App. 3 Cir., 1983). Insurers, as well as courts, must accord the statutory law a presumption of constitutionality. In litigating the constitutionality of a statute, particularly when it lacks direct standing, an insurer risks the possible imposition of penalties and attorney's fees. Under the statute and jurisprudence, defendants clearly owed plaintiffs $20,000. Failure to pay that sum was arbitrary, capricious, and without probable cause. Since defendants failed to pay the amount due under the statute, penalties[14] and attorney's fees[15] are appropriate.
*1391 The holding by the trial court that the parental benefit provision is unconstitutional is reversed and the following judgment rendered.
For the foregoing reasons,
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs and against defendants, jointly and in solido, in the amount of $20,000, together with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs and against American Insurance Company for twelve percent penalties on the amount due, and a reasonable attorney's fee, which is fixed at $4,000.
All costs are taxed against defendants.
REVERSED AND RENDERED.
DIXON, C.J., concurs, agreeing with the result but disagreeing with the language indicating that defendant has no "standing" to question the act.
DENNIS, J., concurs.
NOTES
[1] Act 509 of 1980 states:

"To amend and reenact Section 1231 of Title 23 of the Louisiana Revised Statutes of 1950, relative to the death of an employee and payment to survivors, to provide further that in cases where a deceased employee is not survived by any dependent entitled to workers' compensation benefits, each surviving parent is to be paid a lump sum of twenty thousand dollars as the sole, exclusive compensation in such cases.
"Be it enacted by the Legislature of Louisiana:
"Section 1. Section 1231 of Title 23 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:
"§ 1231. Death of employee; payment to dependents; surviving parents
"For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
"However, if the employee leaves no legal dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
"Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
"Section 3. All laws or parts of laws in conflict herewith are hereby repealed. * * *"
[2] Plaintiffs are Jessie Sherman, Nancy Sherman, Fannie Sherman Johnson, Louis Sherman, Bertrand Sherman, Joseph Sherman, Howard Sherman, and Lawerence Sherman, the eight surviving brothers and sisters of Eli Sherman; and Shirley Sherman, Mary Louise Sherman, Janice Sherman, Fay Sherman and Arthurine Sherman, the children of two predeceased brothers.
[3] Alabama, Alaska, Arizona, California, Connecticut, Delaware, Florida, Georgia, Idaho, Indiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Vermont, Washington, West Virginia, and Wyoming.
[4] Arkansas, Colorado, the District of Columbia, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Montana, Nevada, New York, Puerto Rico, Rhode Island, Utah, and Wisconsin.
[5] Kentucky, New Mexico, North Carolina, North Dakota, South Carolina, Tennessee, and Virginia.
[6] LSA-C.C. art. 229 provides:

"Children are bound to maintain their father and mother and other ascendants, who are in need, and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal. This reciprocal obligation is limited to life's basic necessities of food, clothing, shelter, and health care, and arises only upon proof of inability to obtain these necessities by other means or from other sources."
[7] Annotated California Codes, Civil Code § 206 provides:

"It is the duty of the father, the mother, and the children of any person in need who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding. A person who is receiving aid to the aged shall be deemed to be a person in need who is unable to maintain himself by work."
[8] Compare Thomas v. Industrial Comm'n of Arizona, 87 Ariz. 238, 350 P.2d 392 (1960); Roach Manufacturing Co. v. Cole, 265 Ark. 908, 582 S.W.2d 268 (1979); Flowers v. Southern Road Builders, 594 S.W.2d 865 (Ark.Ct.App., 1980); Industrial Indem. Co. v. Industrial Acc. Comm'n, 243 Cal.App.2d 700, 52 Cal.Rptr. 647, 31 Cal. Comp. 238 (1966); Wheat v. Red Star Express Lines, 156 Conn. 245, 240 A.2d 859 (1968); Roelfs v. Wallingford, 207 Kan. 804, 486 P.2d 1371 (1971); C.W. Wright Const. Co. v. Brannan, 217 Md. 397, 142 A.2d 574 (1958); and Rickenbach v. Allentown Portland Cement Co., 167 Pa.Super. 579, 76 A.2d 479 (1950) with Hewett v. Garrett, 274 N.C. 356, 163 S.E.2d 372 (1968); Flemon v. Dickert-Keowee, Inc., 259 S.C. 99, 190 S.E.2d 751 (1972); Binkley v. Stone & Webster Eng'r Corp., 156 Pa.Super 381, 40 A.2d 132 (1944); Llewelyn v. Industrial Comm'n, 115 Utah 31, 202 P.2d 160 (1949); and Goodwin v. Elm Orlu Mining Co., 83 Mont. 152, 269 P. 403 (1928).
[9] LSA-R.S. 23:1251 provides:

"The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
"(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
"(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution."
[10] Kohler v. Industrial Commission, 555 P.2d 293 (Utah, 1976).
[11] See Livingston v. Loffland Brothers Co., 86 N.M. 375, 524 P.2d 991 at 994, (Ct.App.,1974), cert. den. 86 N.M. 372, 524 P.2d 988 (1974): "As to defendants' equal protection argument we only state that there is no showing in the record that all employers are not treated alike...."
[12] See Sedler, "Standing to Assert Constitutional Jus Tertii in the Supreme Court", 71 Yale Law Journal 599 (1962).
[13] Turner v. Southern Wheel & Rim Service, Inc., 332 So.2d 770 (La., 1976); Warren v. Globe Indemnity Co., 216 La. 107, 43 So.2d 234 (1949).
[14] LSA-R.S. 23:1201 provides in pertinent part:

"B. The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer has knowledge of the injury or death and resulting loss of income, on which date all such compensation then due shall be paid.
* * * * * *
"E. If any installment of compensation payable without an order is not paid within the time period provided in Subsections (B), (C), or (D) of this Section, there shall be added to such unpaid installment a penalty of an amount equal to twelve percent thereof, which shall be paid at the same time as, and in addition to, such installment of compensation, unless such nonpayment results from conditions over which the employer or insurer had no control. Whenever the employee's right to such benefits has been reasonably controverted by the employer or his insurer, the penalties set forth in this Subsection shall not apply. The twelve percent additional payment shall be assessed against either the employer or the insurer, depending upon who was at fault in causing the delay. No worker's compensation insurance policy shall provide that this sum shall be paid by the insurer if the director or the court determines that the twelve percent additional payment is to be made by the employer rather than the insurer. Any additional installment of compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.* * *"
[15] 23:1201.2 provides:

"Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney's fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney's fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney's fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney's fees shall not apply to cases where the employer or insurer is found liable for attorney's fees under this Section. The provisions of R.S. 22:658 shall not be applicable to claims arising under this Chapter."