508 So.2d 922 (1987)
Freddie BATISTE
v.
HOPEMAN BROTHERS, INC., et al.
No. CA-7199.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
Frank A. Bruno, Bruno & Bruno, New Orleans, for plaintiff-appellant Freddie Batiste.
Geoffrey P. Snodgrass, Christovich & Kearney, New Orleans, for defendants-appellees Hopeman Bros., Inc. and Liberty Mut. Ins. Co.
Before SCHOTT, KLEES and LOBRANO, JJ.
KLEES, Judge.
This is an appeal by the plaintiff in a workmen's compensation suit, Freddie Batiste, from a judgment awarding him supplemental earnings benefits and denying his request for attorney's fees. We affirm.
Mr. Batiste was employed by the defendant, Hopeman Brothers Incorporated, as an expediter. His duties included receiving material, taking inventory of it and sending it to the place where it was to be used. On December 6, 1983, he was separating a large set of lockers when one of the lockers fell on his left leg, causing cartilage damage to his left knee. Mr. Batiste has undergone two surgeries to repair his knee and has not worked since the accident.
Hopeman Brothers Incorporated is a subcontractor for Avondale Shipyards Incorporated, and both parties agreed that Mr. Batiste was entitled to benefits under the Longshore and Harbor Worker's Compensation Act (LHWCA). After he ceased receiving benefits under LHWCA, he filed suit under the Louisiana Worker's Compensation Act to recover the maximum amount of compensation benefits for total and permanent disability. Hopeman Brothers and their worker's Compensation insurer, Liberty Mutual Insurance Company, defended this suit claiming that the plaintiff's receipt of full benefits under LHWCA constituted a binding election of remedies and he was not entitled to benefits under the state act. However, defendants concede in brief and in oral argument that they have chosen not to appeal from the district court's award of supplemental earnings benefits.
On appeal, the plaintiff argues that the trial judge erred in concluding that the defendants carried their burden of proving *923 that there was a job available to the plaintiff.
Mr. Batiste was awarded supplemental earnings benefits based on his ability to earn $4.50 per hour, due from February 17, 1985, the date plaintiffs LHWA benefits ceased. In his reasons for judgment, the trial judge stated:
I do not believe the defendant has to prove that a particular job with a particular employer awaits plaintiff's application. It is sufficient if defendant shows that generally jobs are available within the range of plaintiff's capacity.
Plaintiff urges that we be persuaded by the case of New Orleans (Gulfwide) Stevedores v. Turner, 661 F.2d 1031, (5th Cir. 1981). The Turner case held that under LHWCA, job availability should take into account the type of jobs the plaintiff is capable of doing given his age and background and whether there are jobs of this type available in the community which he could realistically and likely secure. Plaintiff claims that in order to follow this standard, a job market survey must be taken to show what jobs are open for plaintiff's application. We disagree.
Louisiana Revised Statute 23:1221(3)(c)(i) reads in pertinent part:
"... If the employee is not engaged in any employment or self-employment, ... the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, ... which he was physically able to perform... and ... which is proven available to the employee in the employee's or employer's community or reasonable geographic region."
The appellant has not worked since his accident therefore the trial court must determine what he is able to earn.
At the trial, Neal Gorman, Ph.D., an expert in vocational rehabilitation counseling testified on behalf of the defendants. Dr. Gorman testified that he evaluated Mr. Batiste taking into account his physical limitations, education and training and prior work experience. He administered an academic evaluation and a career assessment inventory to Mr. Batiste. From these evaluations and interview, Dr. Gorman found that Mr. Batiste would be well suited for "desk work" including such jobs as clerking for ordering, posting, delivery and expediting where he would not be physically involved in moving materials. Dr. Gorman stated that these jobs are in the $4.50 to $6.00 per hour range. He further testified that he could not point to a particular employer who could take Mr. Batiste's application but that there are jobs in the job market which Mr. Batiste is capable of performing.
We conclude that through the testimony of Dr. Gorman, the defendants carried their burden of proving that there are jobs available to Mr. Batiste as stated in R.S. 23:1221(3)(c)(i). Although we are not bound by the Turner case, we find that the testimony of Dr. Gorman did take into account the factors set forth in that case and proved that there are several jobs which Mr. Batiste could realistically secure. It is not necessary for a job market survey to be conducted (as appellant suggests) in order to show that jobs are open for Mr. Batiste's application.
We now turn to the issue of attorney's fees. The plaintiff argues that the defendants' conduct in denying payments to Mr. Batiste was "arbitrary and capricious", therefore he is entitled to attorney's fees under the ruling of Sherman v. Cabildo Construction Co., 490 So.2d 1386 (La. 1986) and Louisiana Revised Statute 23:1201(E).
In Sherman, our Supreme Court held that an insurer's legal attack upon the constitutionality of a statute was insufficient ground for denying compensation payments. In that case, it was found that the defendants were in bad faith. In the case at bar the defendants relied on R.S. 23:1225(D) in denying payment to the plaintiff. This statute reads in pertinent part:
No compensation or medical benefits, of whatever nature, shall be payable under this Chapter if the employee or employee's representative receives final adjudication, *924 judgment, or settlement of any claim pursuant to any federally enacted worker's compensation law, regardless of the adequacy thereof.
We find that the defendants did not act "arbitrary or capricious" in relying on this statute in denying payments to the plaintiff, and conclude that the trial judge correctly denied plaintiff's request for attorneys fees and penalties.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.