916 So.2d 72 (2004)
Anthony DESHOTEL
v.
GUICHARD OPERATING COMPANY, INC.
No. 2003-C-3511.
Supreme Court of Louisiana.
December 17, 2004.
Reissued December 20, 2004.
*73 Jones Law Firm, J. Bryan Jones, III, counsel for Applicant.
Allen & Gooch, Joel E. Gooch, Lafayette, counsel for Respondent.
JOHNSON, Justice.
This matter is before the Court on the issue of whether the non-dependant, adult children of an employee killed in an "accident arising out of and in the course of his employment" are barred from bringing a tort claim, pursuant to the exclusivity provisions of the Workers' Compensation Act. The trial court granted the employer's motion for summary judgment, and the court of appeal affirmed that ruling. For the reasons that follow, we affirm the ruling of the lower courts and find that the exclusivity provisions of the Workers' Compensation Act do not violate the "open court" mandate of LA. CONST. art. 1, § 22.

FACTS AND PROCEDURAL HISTORY
On February 26, 2001, Delton Ray Deshotel died as a result of injuries sustained in the course and scope of his employment with Guichard Operating Company, Inc. ("Guichard"). The facts at issue are not in dispute. Mr. Deshotel was a passenger in a vehicle owned by Guichard and driven by a co-employee. While driving in the company's parking lot, the brakes in the truck failed and Mr. Deshotel jumped out of the vehicle. He was killed when the vehicle ran over him. Mr. Deshotel is survived by his wife and ten major, non-dependent children.
Mrs. Deshotel is currently receiving workers' compensation benefits from Guichard. However, since none of Mr. Deshotel's major children are his "legal dependants," compensation benefits are not payable to them under the Louisiana Workers' Compensation Act. Consequently, Mr. Deshotel's children filed a wrongful death claim against Guichard pursuant to LSA-C.C. art. 2315.2.[1] In response, Guichard filed a motion for summary judgment, asserting immunity from tort liability pursuant to the exclusive remedy provisions of the Workers' Compensation Act, including La. R.S. 23:1032, La. R.S. 23:1231, and La. R.S. 23:1251.
*74 The trial court granted Guichard's motion for summary judgment and dismissed plaintiff's wrongful death action, finding that workers' compensation is the exclusive remedy for plaintiffs' claims. The court of appeal affirmed the trial court's ruling. Deshotel v. Guichard Operating Co., Inc., 03-303 (La.App. 3 Cir. 11/19/03), 861 So.2d 697.
Judge Thibodeaux dissented, opining that the Workers' Compensation Act does not apply to this case, as the Act does not address major, non-dependent children of an employee killed in the course and scope of his employment. Judge Thibodeaux pointed out that under lower courts' decisions, major, non-dependent children of an injured worker are left without a legitimate remedy.
Plaintiffs filed an application for writ of certiorari in this court. We granted the writ application to determine the correctness of the lower courts' rulings. Deshotel v. Guichard Operating Co., Inc., 03-3511 (La.3/19/04), 869 So.2d 834.

DISCUSSION
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure "is designed to secure the just, speedy, and inexpensive determination of every action .... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2).
This Court's review of a grant or denial of a motion for summary judgment is de novo. Jones v. Estate of Santiago, 03-1424, p. 5 (La.4/14/04), 870 So.2d 1002, 1006. Thus, we ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Id; Robinson v. Heard, 01-1697, pp. 3-4 (La.2/26/02), 809 So.2d 943, 945.

I.
The Workers' Compensation Act provides that an employer is liable for compensation benefits to an employee's dependents "for injury causing death within two years after the last treatment resulting from the accident." LSA-R.S. 23:1231.[2] LSA-R.S. 23:1251 describes those parties presumed to be dependant upon the employee and therefore entitled to compensation benefits.[3]
*75 Plaintiffs herein concede that they have no remedy under the Workers' Compensation Act because they are not statutorily defined "dependent[s]" of the decedent. For this reason plaintiffs contend that a plain reading of LSA-R.S. 23:1032(A), the Act's exclusive remedy provision, permits the maintenance of a tort suit by non-dependent, major children, as they are not specifically excluded under the Act.
LSA-R.S. 23:1032 provides that, with the exception of intentional acts, workers' compensation is the exclusive remedy available to an "employee or his dependent" for work-related injuries and illnesses. LSA-R.S. 23:1032(A) specifically provides, in pertinent part:

[T]he rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease [emphasis supplied].
Judge Thibodeaux agreed with Plaintiffs' interpretation of the statute and stated in his dissent:
A basic tenet of statutory interpretation is that laws should be applied as written. Further,
"The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. The statute must therefore be applied [and] interpreted in a manner which is consistent with logic and the presumed fair purpose and intention of the legislature in passing it." City of Pineville v. American Federation of State, County, and Municipal Employees, AFL-CIO, Local 3352, 00-1983 (La.6/29/01), 791 So.2d 609, 612 (citation omitted).
The Workers' Compensation act does not address major, non-dependent children of a decedent (emphasis in original). The Act, therefore, does not apply. The Act does not mention nor does it exclude "non-dependent" major children who have claims for wrongful death and survival damages.
Deshotel, 861 So.2d at 702.
As the court of appeal has reached two different interpretations of the exclusivity provision, this Court has been called upon to clarify LSA-R.S. 23:1032(A). Accordingly, it is appropriate that we review the general rules of statutory interpretation, as well as this Court's holdings regarding the interpretation of the Workers' Compensation Act.

*76 STATUTORY INTERPRETATION
Legislation is a solemn expression of legislative will; therefore, interpretation of a law is primarily the search for the Legislature's intent. LA. CIV. CODE art. 2; O'Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/00), 758 So.2d 124, 128 (citations omitted). The starting point for interpreting a statute is the language of the statute itself. Id. at 128 (citations omitted). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law is applied as written, and no further interpretation may be made in search of legislative intent. Id.; LA. CIV. CODE art. 9. However, when the language of a law is susceptible to different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the meaning of ambiguous words must be sought be examining the context in which they occur and the text of the law as a whole. Id.; LA. CIV. CODE art. 10. In addition, laws on the same subject matter must be interpreted in reference to each other. Id; LA. CIV. CODE art. 13.
Furthermore, as we have cautioned before, when interpreting the Workers' Compensation Act, courts must take into account the basic history and policy of the compensation movement. Id.; Roberts v. Sewerage & Water Bd. Of New Orleans; 92-2048 (La.3/21/94), 634 So.2d 341, 345.

THE WORKERS' COMPENSATION ACT'S POLICY AND PURPOSE

A. History of the Act
Prior to the enactment of Louisiana's workers' compensation scheme, employees injured or killed in workplace accidents pursued traditional tort remedies to compensate them for their damages. 13 WEX S. MALONE & H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE: WORKERS' COMPENSATION LAW AND PRACTICE § 31 at p. 33 (2002). However, the injured worker was placed at an extreme disadvantage when litigating his claims since fellow employees were often reluctant witnesses torn between loyalty to the injured party and fear of reprisal from the employer. Id. In addition, employees often compromised their claims for a fraction of the full value when faced with the expenses and delay associated with litigation. Id. Those employees who were able to prove employer fault and recover a damage award often forfeited a large portion of any recovery received paying contingency fees. Id. As a result, the financial burden placed upon the employee and his or her family resulting from injury or death was often borne by organized charities or the state. Id.
In 1914, in response to learning that the available tort remedies were ineffective, the Legislature adopted the Employers' Liability Act, Act No. 30 of 1914, which persisted until 1975 without basic change. Id. at § 36, p. 44. In 1975, The Louisiana Workers' Compensation Act in its present form was adopted from the original Employers' Liability Act. The Act rests upon the sound economic principle that consumers who enjoy the product of a business  whether it be in the form of goods or services  should ultimately bear the cost of the injuries or deaths that are incident to the manufacture, preparation and distribution of the product. Id. at § 32, p. 34. Under the compensation principle, the expected cost of injury or death to workers can be anticipated and provided for in advance through the medium of insurance, and the premiums can be regarded as a production cost when fixing the price of the commodity or service. Id.
The purpose of the Act was to create a compromise in which both employees *77 and employers surrender certain advantages in exchange for others which are more valuable to both parties and society. Id. at § 32, p. 35. For example, under the compensation scheme, the employee relinquishes his right to be made whole in a civil suit, while the employer cedes his available tort defenses Id. As this Court stated in Atchison v. May, 201 La. 1003, 10 So.2d 785, 788 (1942):
The act, which is social legislation, was passed for the joint benefit of labor and management in order to insure that employees who have become disabled as a result of their labors in hazardous industries would have, during the period of their disability, a weekly income for the upkeep of themselves and their families. It was also deemed advisable to provide for compensation, in cases of death to the persons dependent upon the employee for support so that these persons would not be entirely bereft of funds during the period of time following the employee's death when they, of necessity, were compelled to reconstruct their lives and seek a means of support,  thus avoiding the possibility that these persons would become public charges. In order that this end might be accomplished, the Legislature provided for sacrifices to be made by both the employer and the employee. The employee was required to waive the right granted him under the general law, Article 2315 of the Civil Code, in consideration of receiving a fixed percentage of his wages during the period of his disability. The employer, on the other hand, was deprived of the defenses afforded to him by the general law and he was assured that, in case any of his employees were injured, they would be entitled to no more than the amount stipulated in the statute as compensation during the period of disability.

B. Amendments to the Act
Plaintiffs and Judge Thibodeaux suggest that the omission of the words "personal representatives" and "relations" from the phrase "the rights and remedies herein granted to an employee or his dependent" express the intent of the Legislature to allow these classes of plaintiffs to maintain a wrongful death suit against the employer. Such an interpretation is erroneous for several reasons.
First, such an interpretation of the statute would result in absurd consequences which would be absolutely inconsistent with the legislative policy expressed in adopting the Act as a whole. In the Workers' Compensation context, the Legislature has articulated a compromise which provides benefits for the injured employee and those who are financially dependant upon him in exchange for tort immunity for principals. Mrs. Deshotel, Mr. Deshotel's only statutorily defined dependent, is limited to modest workers' compensation benefits for the loss of her husband. If plaintiffs were allowed to maintain a wrongful death suit against Guichard, an anomalous result would occur if Mr. Deshotel's adult children, who were not financially dependant upon him, were awarded tort damages greater than his widow is eligible to receive under the workers' compensation scheme. See also 14 MALONE & JOHNSON, § 366 at p. 173.
Further, the compromise principle of the Act would be undermined where an employer is exposed to the double recovery of paying both compensation benefits and tort damages. As previously mentioned, the cost of compensation for a workplace accident is factored into the final costs of goods and services, which are ultimately borne by the consumer. In order for the compensation scheme to operate properly and with fairness to all parties, it is essential that the anticipated cost of workplace *78 accidents be predictable and fixed at a level that will not violently disrupt the industry affected. 13 Malone & Johnson, § 32, p. 35. For this reason, predictability and moderateness of cost are necessary from the broad economic viewpoint. Id. Were plaintiffs permitted to pursue their wrongful death claim for a workplace death which does not rise to the level of an intentional act, Guichard would be deprived of the benefit of the compromise principal upon which the entire Act is prefaced.
Second, such an interpretation of the exclusivity provision is inconsistent with other provisions of the Act. For example, LSA-R.S. 23:1231 provides for a seventy-five thousand dollar lump sum payment to each surviving parent of a deceased employee who leaves no statutorily defined dependants.[4] Under plaintiffs' reading of the statute, this provision would be rendered meaningless because surviving parents are "relations" who are not precluded by Section 1032 from recovery under LSA-C.C. art. 2315.2. Thus, where an employee is survived by parents rather than non-dependent children, the surviving parents would have a right to pursue traditional tort remedies rather than accepting the statutorily designated lump sum payment.
Finally, such an interpretation of the statute is inconsistent with the legislative history of the statute. Prior to its amendment in 1976, LSR-R.S. 23:1032 provided, in pertinent part:
The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents or relations.
In 1976, the Legislature amended the Section 1032.[5] The House and Senate Journals for that legislative session reflect that Act 147 was proposed to "amend and reenact... with respect to the exclusive nature of the compensation remedy in cases of injury or compensable sickness or disease."[6]
*79 In Bazley v. Tortorich, this Court had occasion to interpret the Legislature's intent in adopting Act 147. Bazley v. Tortorich, 397 So.2d 475 (La.1981). We held:
By Act 147 of 1976 the legislature enlarged the category of employee injuries for which workers' compensation is the exclusive remedy. Formerly, the workers' compensation statute provided that compensation was an employee's exclusive remedy against his employer for a compensable injury, leaving him free to pursue other remedies against third persons. The amendment modified the exclusive remedy rule in two respects. First, it provided that for an unintentional injury compensation shall be the exclusive remedy, not only against the employer, but also against any principal, officer, director, stockholder, partner or employee of the employer or principal who was engaged at the time of the injury in the normal course and scope of his employment. Second, it provided that for an intentional act resulting in compensable injury the employee may exercise his right under the compensation act and pursue any other remedy available against the employer and other persons under general law.
The principal legislative aim of the 1976 amendment was to broaden the class of defendants to be granted immunity from suits by injured employees in tort or delict. Although the legislative history is meager, accounts indicate that the amendment was enacted to provide employers relief from the cost of furnishing liability insurance to executive officers and other employees.
Bazley, 397 So.2d at 479.
In 1989, the Legislature engaged in an extensive revision of the Workers Compensation Act as a whole, which included Section 1032.[7] By Act 454 of 1989, effective January 1, 1990, the legislature amended the statute to expand its protections to "any officer, director, stockholder, partner, or employee or such employer or principal" and to thereby preclude employees from pursuing employers and principals under the dual capacity doctrine. See Martin v. Stone Container Corp., (La.App. 2 Cir.1999) 729 So.2d 726, 728-29; see also *80 Stelly v. Overhead Door Co., 94-0569 (La. 12/8/94), 646 So.2d 905, 914.
Finally, in 1995, the Legislature again amended the exclusive remedy provision by enacting Act No. 432, § 1, effective. June 17, 1995. The legislative history associated with this amendment makes clear that Section 1032 was amended in response to our decision in Billiot v. B.P. Oil Co., 645 So.2d 604 (La.1994).[8] Representative Reilly stated during a meeting of the Senate Committee on Commerce:
The Supreme Court rendered an opinion September of 1994 ... made two very substantive changes in the area of workers comp and tort law. This bill deals with one of those areas and specifically would reinstate comp. as the exclusive remedy in the work place. What the Supreme Court said in the Billiot decision was that workers could go beyond comp. And sue for punitive damages under 2315. That decision, which ran counter to eight decades of jurisprudence, ran counter to the trial courts decision, ran counter to the appeals court decision ... is an actuarial time bomb for the workers comp. system.
Id.
This Court reversed the Billiot decision in Adams v. J.E. Merit Const., Inc., 97-2005 (La.5/19/98) 712 So.2d 88, acknowledging the express intent of the legislature in amending Section 1032 was to preclude employees from recovering punitive damages in tort. Billiot, 712 So.2d at 90.
Thus, it is clear that the legislature never intended that an employee's "representatives" or "relations" be permitted to circumvent LSA-R.S. 23:1032 in order to recover damages in tort. Such a result flies in the face of the purpose of the Act, renders many of its provisions inconsistent, and is not supported by the Act's legislative history. Therefore, we find that the lower courts did not err in granting summary judgment, as the legislature clearly intended that employers enjoy statutory immunity for tort claims pursuant to the provisions of LSA-R.S. 23:1032.

II.
Additionally, Plaintiffs' contend that the trial court's grant of summary judgment in this matter based upon Atchison v. May, 201 La. 1003, 10 So.2d 785 (1942) was erroneous because the Atchison decision is in conflict with LA. CONST. art 1, § 22 and O'Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/00), 758 So.2d 124. O'Regan held that "it has long been the jurisprudence of this Court that the Legislature has the authority to limit codal remedies as long as it does not leave the injured party entirely without a remedy." O'Regan, 758 So.2d 124, 133. Plaintiffs contend that the decision reached in O'Regan permits non-dependent children to bring a wrongful death claim against an employer since they are precluded from recovery by the exclusivity provisions of the Act and would otherwise be denied a remedy for their injuries. Based upon this reading of O'Regan, Plaintiffs' contend that Atchison was wrongly decided and must be overruled. We disagree, and find that the decision reached by this Court in O'Regan does not lead to such an expansive interpretation of the "open court" mandate of LA. CONST. art. 1, § 22.[9] *81 The Louisiana Workers' Compensation Act provides the exclusive remedy against an employer for the injury or death of an employee, and the Act does not provide benefits for non-dependent children of an injured employee.
In Atchison, the decedent, Henry Knight, was killed in the course and scope of his employment at defendant's sawmill after having been scalded and burned by hot water and steam which escaped from a defective piston in a stationary steam engine. Atchison, 201 La. 1003, 10 So.2d 785, 786. As he had no wife or legal dependents, his surviving brother and sister filed suit under LSA-C.C. art. 2315 to recover for his wrongful death. Id. at 785-86. It was undisputed that Knight's siblings were not financially dependant upon him. Id. at 786. May, owner of the sawmill, filed an exception of no right of action, contending that the plaintiffs had no right of action under article 2315 because any rights and remedies which may have been afforded to the decedent, his relatives, or his dependents were limited to the Employers' Liability Act of 1914,[10] now the Workers' Compensation Act. Id. The district court dismissed the suit, holding that the Act was the exclusive remedy for death benefits against the employer, and the court of appeal affirmed the ruling. Id. This Court affirmed the rulings of the lower courts, stating, in pertinent part:
This contract of employment became binding not only upon the employer and employee but equally so upon "his widow, and relatives, personal representatives, heirs, and dependents" ... as stated in paragraph 1 of section 3 of the ... statute and operated as a complete surrender by those persons of all their rights against the employer for compensation or damages other than that provided by the act. The restriction of the rights and remedies to those granted under the compensation law is made absolute by the provisions of section 34 of the act with respect to the employee, his personal representatives, dependents, "relations, or otherwise."
The intention of the Legislature is demonstrated by the clear language employed by it in the ... [A]ct and this court has experienced but little difficulty in resolving that a contract of employment... is governed exclusively by the provisions of the compensation law, not only with respect to the right and remedy of the employee himself, but as to all persons designated as beneficiaries by Article 2315 of the Civil Code, as amended, having a right or cause of action to recover for death by wrongful act.
* * *
[T]he provisions of the Employers' Liability Act make it clear that the contract *82 between the employer and employee is not only binding upon the employee and his dependents, but also upon "his personal representatives, ... relations, or otherwise...."
(citations omitted). Id. at 787-88.
The Atchison decision reflects this Court's long-standing recognition of the concessions made by employers and their employees to ensure that the employee's dependents, who are most directly affected by his or her injury or death, would not be placed in exigent financial circumstances in the immediate aftermath following a workplace accident.
Plaintiffs' contend that Atchison should be reversed because it is inconsistent with LA. CONST. art 1, § 22, which guarantees that "all courts shall be open, and every person shall have an adequate remedy" for his or her injuries. Further, plaintiff's aver that Atchison is inconsistent with O'Regan, wherein this Court relied upon Louisiana's "open court" mandate to support our finding that a worker precluded from recovery under the Workers' Compensation Act be permitted to proceed in tort.
In O'Regan, plaintiff Michelle O'Regan worked at a counter in a dry cleaner's shop applying methoxyethanal to clothing with her bare hands to remove stains. O'Regan, 758 So.2d 124, 127. After she left her position with Preferred, plaintiff was diagnosed as suffering from myelodysplasia, a form of aplastic anemia, which is a disease linked to exposure to toxic chemicals. Id. at 127. O'Regan initially filed a workers' compensation claim against Preferred, however, a hearing officer denied benefits because she had worked for defendants for less than twelve months and therefore
did not meet her burden of proving her claim by an `overwhelming preponderance of the evidence,' and thus failed to overcome the statutory presumption that the disease was `non-occupational and not to have been contracted in the course of and arising out of her employment.'
Id.
Thereafter, O'Regan filed a timely tort suit against Preferred, which argued that she failed to state a cause of action because her exclusive remedy was in workers' compensation. Id. at 128. The trial court denied Preferred's motion for summary judgment and the court of appeal affirmed. Subsequently, this Court held that an employee may sue his or her employer in tort where the injury suffered is presumptively excluded from workers' compensation coverage. The Court held:
LA. CONST. art. 1, § 22 inscribes in our Constitution that "[a]ll courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights." Nonetheless, it has long been the jurisprudence of this Court that the Legislature has the authority to limit codal remedies as long as it does not leave the injured party entirely without a remedy.
* * *
The Act does not and cannot foreclose all types of civil actions between employers and employees. Rather, the exclusivity provisions of the Act preclude only those civil tort actions premised upon the fault of the employer vis-a-vis the employee for workplace injuries compensable under the Act. A compensable injury under the Act is one contracted in the course of and arising out of the employment and for which the injured *83 employee is entitled to receive compensation. LA. REV. STAT. 23:1031.1(D).

The exclusive remedy provision refers only to injuries for which the employee or his dependent is entitled to be compensated, and the Act becomes the exclusive remedy for employees against their employers only for such [injuries] [emphasis supplied].
O'Regan, 758 So.2d at 134 (citations omitted).
Contrary to plaintiffs' contentions, this Court's decision in Atchison is not inconsistent with our ruling in O'Regan, as the two cases are clearly distinguishable. In Atchison, this Court found that the decedent was the victim of an accident which occurred during the course and scope of his employment, and the injuries he suffered were therefore compensable under the applicable workers' compensation scheme. Atchison, 10 So.2d at 787. We found to the contrary in O'Regan, as the plaintiff suffered an injury which was presumptively excluded from coverage by the Workers' Compensation Act, and O'Regan failed to overcome this presumption and thereby place her injuries within the Act's compensation scheme. O'Regan, 758 So.2d at 134. The "open court" mandate of LA. CONST. art. 1, § 22 thus permitted O'Regan to proceed in tort against her employer because her injuries placed her outside of the scope of the Act. Id. As this Court stated in O'Regan, "a conceptual distinction must be made between injuries which do not come within the Act's coverage provisions and injuries which are covered, but for which no compensation is payable." Id. at 137.
In the instant matter, Mr. Deshotel's tragic death is clearly the result of an "accident" which occurred during the course and scope of his employment as defined by LSA 23:1031. LSA 23:1031 provides that where
an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated. [emphasis supplied].
Here, Mr. Deshotel was a passenger in a truck owned by Guichard and operated by another Guichard employee in the company's parking lot. There is no question he was within the course and scope of his employment when this "accident" occurred. Since Mr. Deshotel's accident is covered by the Act's compensation scheme O'Regan is inapplicable. The fatal injuries sustained by Mr. Deshotel are cognizable as included within the Act's compensation scheme, however, the statute excludes his adult, non-dependant children from recovering compensation benefits. Thus, plaintiffs' assertion that Atchison is inconsistent with our recent ruling in O'Regan is without merit.

III.
Further, plaintiffs' contend that their action is not subject to the exclusive remedy provisions of LSA-R.S. 23:1032 because this Court has held that wrongful death actions are independent of the victim's injury and compensate survivors for their own damages. While we acknowledge that wrongful death actions are separate from the employee's action for damages, we find that plaintiffs are nevertheless precluded from maintaining a claim for tort damages because Section 1032 immunizes defendants from such suits.
Plaintiffs' rely upon Walls v. American Optical Corp., 98-0455, (La.9/8/99), 740 So.2d 1262 to support their argument; however, such reliance is misplaced. Under *84 the facts present in Walls, the decedent was employed as a sandblaster for approximately six years. Walls, 740 So.2d 1262, 1264. During the course and scope of his employment, he was exposed to silica dust, which is created during sandblasting. Id. at 1264. After Wall's death, his widow alleged that his occupational exposure to silica dust caused him to contract silicosis, and filed a wrongful death suit under Article 2315.2 against the executive officers of American Optical. Id. Mrs. Walls attempted to bring her wrongful death claim after the legislature amended La. R.S. 23:1032, which granted tort immunity to executive officers for their negligent conduct. Id. This Court acknowledged that the text of Article 2315.2 "clearly and unambiguously expresses that the wrongful death action compensates the beneficiaries for their own injuries suffered as a result of the victim's death." Walls, 740 So.2d 1262, 1269-70.
However, Mrs. Walls was ultimately unable to prevail in her wrongful death action because in such a suit the cause of action does not arise until the moment the victim expires; which, under those facts, did not occur until after the amendment of La. R.S. 23:1092. Id. at 1270. Thus, we found that the prospective application of La. R.S. 23:1092 immunized the executive officers from a tort action; and further, that a grant of the defendants' exception of no cause of action and motion for partial summary judgment was proper. Id. As we noted in Walls, "The federal constitution does not impinge upon a state's freedom to create immunities in adjudication." Id. at 1269 (citing Progressive Sec. Ins. Co. v. Foster, 97-2985, p. 23 (La.4/23/98), 711 So.2d 675, 688).
Similarly, while we continue to acknowledge the separate and distinct nature of a wrongful death action, under the present facts, the defendants are statutorily immune from tort liability and thus, plaintiffs' action must fail. Plaintiffs' allege damages for "loss of love and affection, mental anguish" and other injuries which they have suffered as a result of the sudden death of their father. However, the text of LSA-R.S. 23:1032 explicitly immunizes defendants from tort liability where the decedent suffers injury or death during the course and scope of employment.

VI.
As to Plaintiffs' contention that the exclusivity provisions of LSA-R.S. 23:1032 violate Article 1, Section 22 of the Louisiana Constitution, which guarantees that
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights,
this assignment of error is similarly without merit.
The applicable legal issues present in the instant case are strikingly similar to those present in Branch v. Aetna Cas. & Sur. Co., (La.App. 3 Cir.1979), 370 So.2d 1270, 1272 (reh'g denied 374 So.2d 660 (La.9/4/79)). Albert Branch was killed as the result of an accident which took place while he was working within the course and scope of his employment. Id. at 1272. As Branch was unmarried with no legal dependents, his parents alleged that the exclusive remedy provisions of the Workers' Compensation Act left them without a tort remedy for the damages they personally suffered for the loss of their nineteen-year-old son. Id. In affirming defendants' peremptory exception of no cause of action, the court of appeal found that the constitutional provisions in favor of all persons having access to an adequate remedy *85 do not invalidate tort immunity bestowed by the legislature. Id. The Third Circuit held:
[plaintiffs] contend that they cannot be denied an adequate remedy for the loss of their relationship with their son, which loss has been recognized as compensable in the natural law, Roman law and French law from which our own law is derived. However, the legislature and courts of this state have never at any time recognized a principle that every loss of a personal relationship, resulting from a delict, is compensable [emphasis supplied]. The mutually exclusive categories of survivors set forth in the third paragraph of Article 2315 have been applied to cases too numerous to mention, excluding many who would otherwise have had valid claims. We do not feel that this constitutional provision can be construed so broadly as to defeat the sound policy implemented by those legislatively imposed limitations.
The legislature has deemed it necessary in the interest of the overall workmen's compensation scheme to eliminate the right to tort recovery in cases where the Compensation Act is applicable. Furthermore, it has limited recovery under the act to dependents who have suffered or will suffer an economic loss as a result of the death of the decedent. These measures are reasonable and relevant to the objective sought to be achieved by the act.
Branch, at 1273.
Several cases were resolved in the same manner as Branch, resulting in the parents of an unmarried son or daughter without dependents being precluded from both tort recovery and compensation benefits provided by the Act. 14 MALONE & JOHNSON, § 307 at p. 39. The harsh result of the Act's exclusivity provision was lessened by legislative amendment in 1980. Id. Act. No. 509 of 1980 amended LSA-R.S. 23:1231 and added the following text:
However, if the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of seventy-five thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
This Court addressed the change in the law in Sherman v. Cabildo Constr. Co., 490 So.2d 1386 (La.1986). In Sherman, the decedent suffered a fatal heart attack during the course and scope of his employment. Sherman, 490 So.2d 1386, 1387. While he left no dependents, he was survived by his mother, who was statutorily entitled to a lump sum payment as a result of the amendment. Id. at 1387. This Court recognized that the change in the law "resulted from the inequity of denying death benefits for a worker without dependents, despite his or her parents' substantial economic investment in upbringing and education and the windfall to the employer and/or insurer." Id. at 1388.
The Branch court recognized that the exclusive remedy provisions of LSA-R.S. 23:1032 are applicable to the employee, his or her representatives, dependents, or relations for any injury compensable under the Act [emphasis supplied].[11]Id. The *86 conclusions reached by the lower court in Branch are applicable to the matter subjudice. It is well-established that Mr. Deshotel's injury and subsequent death are the result of an accident which occurred during the course and scope of his employment for Guichard. As a result, his non-dependant children are relations to whom the exclusive remedy provisions of the Workers' Compensation Act apply, and they are therefore excluded from seeking redress for their alleged injuries under La. C.C. art. 2315. Despite the mandate of LA. CONST. art. 1, § 22, this Court has consistently held that the constitutional guarantee of access to the courts and remedy for injuries does not warrant a remedy for every single injury. Whitnell v. Silverman, 95-0112 (La.12/6/96), 686 So.2d 23, 31 (citing Crier v. Whitecloud, 496 So.2d 305 (La.1986)). In adopting this constitutional article, the Constitutional Convention did not intend to limit the legislature's ability to restrict causes of action or to create various areas of statutory immunity. Whitnell, 686 So.2d at. 31. Any change to the Act, either allowing non-dependent relations to maintain a tort claim or to become eligible to receive benefits, must come from the Legislature. Accordingly, pursuant to the exclusivity provisions of the Louisiana Workers' Compensation Act, we hold that Mr. Deshotel's non-dependent, adult children are barred from bringing a tort claim for his injuries and subsequent death.

DECREE
For the above and foregoing reasons, the judgment of the Court of Appeal and the Office of Workers' Compensation sustaining defendant's motion for summary judgment is affirmed.
AFFIRMED.
KNOLL, J., concurs.
CALOGERO, Chief Justice, concurs and assigns reasons.
CALOGERO, Chief Justice, concurring.
I concur in the judgment to express my own views regarding a matter raised in the dissent in the court of appeal. Analyzing the present language of La.Rev.Stat. 23:1032(A)(1)(a), the dissenting judge reasoned that
Louisiana Revised Statutes 23:1032(A)(1)(a) specifically provides for "the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this statute, shall be exclusive of all other rights, remedies, and claims for damages...." The plaintiffs in this case are neither employees nor dependents.... The Workers' Compensation Act does not address major, non-dependent children of a decedent. The Act, therefore, does not apply. The Act does not mention nor does it exclude "non-dependent" major children who have claims for wrongful death and survival damages.
(Alteration in original).
Before the 1995 amendment to R.S. 23:1032(A)(1)(a), addressed in the majority opinion, this provision stated,
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations ....
*87 (Emphasis added). The 1995 amendment inserted additional text immediately following "remedies" in the pre-amendment version of the statute, to clarify that claims for punitive or exemplary damages were foreclosed by the availability of the Workers' Compensation remedy.[1] This insertion of text had the effect of separating the specific reference to "relations" from the "shall be exclusive" language that it had followed, and moving it to a point lower in the paragraph.
However, as discussed in the majority opinion, the legislative history clearly indicates that the 1995 amendment was not intended to affect the rights of the plaintiffs in this case. The amendment simply responded to this court's decision in Billiot v. B.P. Oil Co., 645 So.2d 604 (La.1994), which permitted punitive or exemplary damages claims by employees under certain circumstances. Thus, the dissenting judge's suggestion that the statute only applies to claims by employees or dependents, and does not address claims by major, non-dependent children of decedents, is not supported by the post-amendment statutory text. The statute still recites, as it did before the 1995 amendment, that the Workers' Compensation remedy "shall be exclusive of all other rights remedies, and claims for damages" of the listed parties, including "relations."
NOTES
[1] Named as plaintiffs are: Anthony Deshotel, Dianna Burel, Chad Deshotel, Darla Deshotel, Terri Deshotel, Janet Deshotel, Dalton Deshotel, Cheryl Bergeaux, Thomas Deshotel, and Johnathan Schexneider.
[2] LSA-R.S. 23:1231 provides:

A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
B. (1) If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
(2) However, if the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of seventy-five thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
[3] LSA-R.S. 23:1251 provides:

The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution.
[4] LSA-R.S. 23:1231 provides:

However, if the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of seventy-five thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
[5] Act 147 of 1976 rewrote the statute to provide:

The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal as defined in Section 1061 of this Chapter, or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional or deliberate act.
The immunity from civil liability provided by this Section shall not extend to:1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this act.
[6] 1976 House Journal v. 1. House Bill No. 354, p. 96 (May 16, 1976); 1976 Senate Journal v. 1. House Bill No. 354, p. 339 (June 7, 1976).
[7] As amended in 1989, the pertinent portions of LSA-R.S. 23:1032 provided:

A. The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof. This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
B. Nothing in this Chapter shall affect the liability of the employer, or any other officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
C. The immunity from civil liability provided by this Section shall not extend to: (1) any officer, director, stockholder, partner, or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and (2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
[8] Louisiana State Senate, Committee on Commerce, Verbatim Minutes of Meeting, May 25, 1995.
[9] LA. CONST. Art. 1, § 22. Access to Courts

All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
[10] At that time, paragraph 1 of section 3 of the Employers' Liability Act (Act No. 20 of 1914, as amended, Act No. 85 of 1926, Dart's Statutes, Section 4393) provided, in pertinent part:

Such an agreement shall be a surrender by the parties thereto of their rights as against each other to any method, form, or amount of compensation, or damages, or determination thereof other than as provided in this act, and shall bind the employee himself, his widow, and relatives, personal representatives, heirs, and dependents as hereinafter defined, as well as the employer and those conducting his business during bankruptcy and insolvency.
Section 34 of the statute, as amended by Act No. 38 of 1918 (Dart's statutes, section 4423), provides:
The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury.
[11] LSA-R.S. 23:1032 provides in part:

"The rights and remedies hearing granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease."
[1] The specific language that the legislature inserted read as follows: "and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute whether now existing or created in the future expressly establishing same as available to." The "of" that followed "remedies" was deleted.